## W. R. Bracey *v.* The State.

False Pretenses. *Money obtained by one on representations of another. Case of latter.*

B., a circuit clerk, issued a false and fraudulent witness certificate, which he put in the hands of W. W. offered to sell the certificate to F., who, upon B.'s representation that the certificate was all right, bought it. No part of the money paid therefor was received by B. *Held,* that if W. acted honestly, and B. received none of the money paid for the certificate, the latter was not guilty of obtaining money by false pretenses.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

The grand jury of Noxubee County indicted W. Robert Bracey and Dillard J. Williams, jointly, for obtaining money by false and fraudulent pretenses from one Hezekiah Foote.

It appears that Bracey, who was circuit clerk, and whose official duty it was to issue certificates of attendance to witnesses, whereon they collected their pay from the county, issued a series of false and fraudulent witness certificates under his name and official seal, and put them in the hands of Williams, who sold them to Foote. On the trial of Bracey the first instruction given for the State was as follows :

" The court charges the jury that although they may believe from the evidence that Williams obtained the certificates sold to Foote from Bracey, and that Bracey represented to Williams that he had purchased them from the witnesses themselves, yet, if the jury shall further believe from the evidence that the certificates were in fact fraudulent, and that Bracey, knowing them to be fraudulent, and knowing that Williams had obtained them from him, and not from the witnesses, represented to Foote before Foote purchased them from Williams that the certificates were all right, and that Williams had bought them from the witnesses, he (Bracey) knowing at the time that these representations were false, and intending thereby to induce Foote to buy them, and to cheat and defraud Foote, and that Foote, relying upon the representations of Bracey, bought the certificates from Williams and paid him for them, believing them to be good and genuine, and Williams obtained thereby the money as charged, then the defendant, Bracey, is guilty as charged, although the jury may further believe that Bracey never received any part of the money paid by Foote to Williams."

The jury found the defendant guilty, and from the judgment of the court he appealed.

*Rives & Rives,* for the appellant.

The first charge given for the State was erroneous.

Suppose Bracey did represent to Foote " that the certificates were all right," Foote had but to look at them to see that they were not,

and if Bracey did not receive any money because of the represen-
tation, or profit by it, he is not guilty of the charge.

*R. G. Rives,* of counsel for the appellant, made an oral argu-
ment.

*T. M. Miller,* Attorney General, for the State, filed a brief, dis-
cussing the evidence and submitting the first instruction without
argument for the decision of the court.

ARNOLD, J., delivered the opinion of the court.

If Williams acted honestly, and Bracey received none of the
money paid for the certificates, as assumed in the first instruction
given for the State, Bracey could not properly be convicted of ob-
taining money by false pretenses.

In order to convict him of the offense charged, it was necessary
that the money obtained, or some part thereof, should have been
obtained by him or for him.  2 Whart. Cr. L., §§ 2124 and
2140 ; *Willis* v. *The People,* 19 Hun. 84 ; *Regina* v. *Garrett,* 22
Eng. L. and Eq. Rep. 607 ; Roscoe's Cr. Ev. 475.

Such was the construction which *Regina* v. *Garrett, supra,* placed
on the English statute prior to its amendment, as shôwn in 2 Russ.
on Cr. 618, so as to meet the case where any person by means of
any false pretense induces another to part with his property to any
person other than the party making the pretense.  This construc-
tion was followed in New York in *Willis* v. *The People, supra,*
and we find no authority to the contrary.

*For the error in giving the first instruction for the State, the judg-
ment is reversed.*