## THE STATE v. McGINNIS.

1. **Criminal Law**: OBTAINING SIGNATURE BY FALSE PRETENSE: DELIVERY OF INSTRUMENT: INDICTMENT. It is essential to the commission of the crime of obtaining a signature by false pretenses to a written instrument, (Code, § 4073,) that the instrument be delivered; and an indictment which fails to charge the delivery of the instrument is insufficient.

*Appeal from Webster District Court.*

TUESDAY, JUNE 14.

INDICTMENT charging that the defendant, by false pretense, obtained the signature of another person to a written instrument. Verdict, guilty; judgment. The defendant appeals.

*J. F. Duncombe*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The material portion of the indictment is as follows: That the defendant and one Smith "feloniously, designedly, by false pretense, and with intent to defraud, did falsely represent, pretend, and state to one Mathias Kammers that the said Patrick McGinnis was the owner of a certain piece of land," which he offered to sell said Kammers for a named price, and which offer was accepted; "and there-

fore said Patrick McGinnis and Frank Smith designedly, and by false pretense, and with intent to defraud said Mathias Kammers, did falsely represent and pretend that a certain instrument in writing, then and there exhibited to said Kammers, to-wit, a chattel mortgage from Mathias Kammers to Patrick McGinnis, for seven hundred dollars, upon certain property, (describing it,) was a contract to purchase said land,      *      *      *      and was an agreement to sell said land on the part of Patrick McGinnis,      *      *      *      and the said Kammers then and there believed said representation to be true, and was deceived thereby, and was enticed by reason of said false pretenses to sign said written instrument, and then and there did sign the same."

It will be observed that the indictment does not charge that the mortgage was delivered, but that the charge is that the signature of Kammers was obtained thereto, and counsel for the defendant insist that no crime known to the law is charged. It is provided by statute as follows: "If any person designedly, and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another money, goods, or other property, or so obtain the signature of any person to any written instrument the false making of which would be punished as forgery, he shall be punished      *      *      *"      Code, § 4073.

The question to be determined is whether, under the statute, it is essential, in order to constitute the crime, that there should be a delivery of the written instrument to which the signature was obtained by false pretense, with intent to defraud. The attorney-general concedes that if "money, goods or property is so obtained," there must be a delivery, and that the title or possession must vest at least for some time before the offense is complete; and it was so held in *State v. Anderson*, 47 Iowa, 142; but he contends that the offense is complete when the signature to the instrument is obtained. In this proposition we do not concur. It will be

observed that the statute provides: "Or so obtain the signature of any person." This refers to what precedes such sentence, and that is in relation to obtaining property. If delivery or possession in one case is essential, it would seem to follow that it must be in the other. To obtain means to "get hold of; to get possession of; to acquire." Now, the statute provides that the signature must be "so obtained;" that is, it must be acquired or come into the possession of some person by means of the false pretense to the same extent as is necessary in order to constitute the offense when money or property is obtained. In such case it has been held that, in order to constitute a crime, the fraud must be accomplished. *People v. Wakely*, 28 N. W. Rep., 871. (Mich.) In *State v. House*, 55 Iowa, 466, the false representations were made in Wright county; but the notes were delivered in Polk county, where the indictment was found, and it was contended that the crime was committed in Wright county; but this court said: "The false pretenses made in Wright county were no crime, and no indictment would lie in that county, simply because the notes were not obtained there."

We are of the opinion that no crime is charged in the indictment, and therefore it follows that the judgment of the district court must be

REVERSED.