## THE STATE v. CLARK.

I. **Criminal Law**: OBTAINING SIGNATURE BY FALSE PRETENSES: DELIVERY OF INSTRUMENT: INDICTMENT. The crime of obtaining a signature to an instrument by false pretenses is not complete unless there is a delivery of the instrument so signed; and an indictment which fails to charge the obtaining of the instrument is insufficient. (*State v. McGinnis*, 71 Iowa, 685, followed.)

*Appeal from Story District Court.*

THURSDAY, JUNE 16.

THE defendant, Clark, was convicted of the crime of cheating by false pretenses, and sentenced to a term of imprisonment in the penitentiary, and from that judgment he appeals.

*John F. Duncombe* and *Funson & Gifford*, for defendant.

*A. J. Baker*, *Attorney-general*, for the State.

Blair v. Buttolph.

REED, J.—The defendant moved in arrest of judgment on the ground that the indictment did not charge a criminal offense. The indictment charges that defendant, by means of a certain false token and certain false pretenses, induced F. M. Jackson to sign a written instrument, the false making of which would be forgery. There is no averment in the indictment, however, that he obtained from Jackson the instrument so signed by him. In the case of *State v. Mc-Ginnis*, 71 Iowa, 685, we held that an indictment in substantially the same form was not sufficient. Following that holding, the judgment should be

REVERSED.