The opinion of the court was delivered by
Blanchard, J.
An information was filed against the accused jointly charging them with robbery. They were arraigned on this charge, pleaded not guilty, were tried and convicted of larceny.
A sentence of one year’s imprisonment at hard labor followed the verdict, from which this appeal is taken.
The first ground relied upon for reversal of the judgment is the ■following:
Error patent on the face of the record is this: That the verdict of the jury is not responsive to the information, the accused not being charged with the crime of larceny and in the manner and form required by law.
We do not think there is force in this objection. The charge laid in the information was robbery. It is fully and sufficiently set forth. *1338 Thedefinitioq of robbery is larceny committed by violence from the person of one put in fear. Bishop, Vol. 2, Sec. 1156, 6th Ed. One of the lesser offences embraced in this charge is larceny. If the facts of the case, as disclosed by the evidence, justified it, it became the duty of the trial judge to charge the jury that one of the verdicts they might return was larceny. Bishop, Vol. 2, Sec. 1159. It is not essential to set out specifically in an information all the minor offences included within the scope of the greater charge. If the phraseology of the indictment be sufficient to support a conviction on the greater charge, it, too, suffices to support a conviction fora crime of lesser magnitude but of the same generic class. State vs. Ford, 30 An. 313; State vs. Stouderman, 6 An. 289; State vs. McCort, 23 An. 326; State vs. Delaney, 28 An. 434; State vs. Gilkie, 35 An. 53; Bishop on Crim. Law, Vol. 2, Sec. 1159 et seq., 6th Ed.; Bishop’s New Crim. Law, Sec. 1055.
The second ground relied upon by the accused is this:
That the trial judge charged the jury as follows: “I charge you that when the property is taken with the consent of the owner, then there is no larceny, unless the consent was obtained by fraud prac-tised by the accused with a view to obtain the property with intent to steal it, and that fraud so practised was the primary motive which moved the owner to consent.”
To this charge a bill of exception was taken. The bill does not set forth wherein the clause of the charge objected to is erroneous, nor does it state it is erroneous or even prejudicial to the accused, and it does not appear that any different or additional charge was requested.
The judge’s charge to the jury, as a whole, is not before us. The sentence quoted above is the only part that comes up with the bill of exceptions. But in the bill the judge tells us that the clause of the charge excepted to formed part of a general charge, in which the court instructed the jury fully as to the crime of robbery and its constituent elements — that upon an indictment for robbery the jury could find a verdict of guilty of larceny when the facts failed to show robbery but established a case of larceny; and that the jury were then instructed as to the crime of larceny and its constituent elements — the instruction on the subject of larceny concluding with the clause excepted to. Then, premising with the statement that he deems it fair to the accused to put the appellate court in possession *1339 of the material parts of the evidence upon which the case was given to the jury, the judge adds a full synopsis of the evidence adduced before the jury.
In defendant’s brief it is insisted that the charge of the judge quoted is erroneous, and under the evidence submitted to the jury, as set forth in the bill of exceptions, was calculated to mislead the jury, and to prevent them from considering any evidence tending to show that if the prosecuting witness was deprived of his property by the accused, it was by reason of some trick or device practised by them on him, by which he was induced to absolutely part with his property, which is not larceny under the law.
We can not agree with this view. Under the facts of the case as presented, the charge was not an improper one. It told the jury that when property is taken with the consent of the owner, there is no larceny. This is not disputed. It told the jury further, that if the consent of the owner was secured by fraud, perpetrated for the purpose of obtaining the property with the intention of stealing it, it is larceny; provided the fraud so practised was what caused the owner to give his assent. This is not error, for it does not, in our view, conflict with the law as laid down on this subject by the most authoritative text writers.
Thus, Bishop in his work on Criminal Law, Vol II, Sixth Edition, p. 447, Secs. 808, 809, says: ‘‘If by fraud a person is induced to part with his goods, meaning to relinquish his property in them as well as his possession, he who thus obtains them may be chargeable with a cheat at common law, or under the statute against false pre-tences, but not with larceny, because it is assumed that the owner having actually consented to part with his ownership, there was no trespass in the taking.” (Italics ours.)
If he parts with the ownership and possession, as the result of the fraud, it is not larceny. If he parts with the possession only, as the result of the fraud, retaining and intending to retain the ownership or title in himself, it is larceny, for then there is trespass in the taking. Rice on Evidence, Vol. Ill, Sec. 442. The language used by the trial judge, in the clause of his charge objected to, “ was with a view to obtain the property with intent to steal it.” The words “obtain the property” clearly meant (in the connection in which they are used and as applicable to the evidence as set forth in the bill of exceptions) the possession of the property — “ obtain (the pos *1340 session, not the ownership, of) the property with intent to steal it.” The phrase “ to obtain the property,” as here used, is synonymous with to acquire possession of the property. Webster’s Diet., verbo “ Obtain.” The owner not haying parted with the ownership, but merely the possession of his property as the result of the fraud, its subsequent asportation by the accused constituted the crime of larceny.
Judgment affirmed.