Richards, J..
This case, together with three others against the same defendant, has been submitted to the court upon a motion tp quash the indictment. The questions are the same in all of them and they will be disppsed of together.
Each indictment charges that the defendant knowingly made pertain false pretenses-regarding the Ohio Trust Company, of which he was a director; that the pretenses were made in each case to the prosecuting witness by which he was- induced, to deposit • certain money, named in the indictment, with the Ohio Trust Company.
The indictment further charges that the defendant did then and there and thereby unlaivfully obtain from the prosecuting witness said money with intent to defraud him. The falsity of *98 tlie pretenses is sufficiently set forth by an appropriate negative averment contained in the indictment. .
Various, grounds are set forth in the motions to quash filed in these several cases, some of which grounds have been argued and others submitted without argument.
It is urged among other things, as a reason why this indictment ought to be quashed, that the indictment avers that this money was deposited. with the Ohio Trust Company, without other description of the manner or method of the deposit, and that this made a special deposit, in which the title would not pass to the trust company,' and unless the title passed, there would not be any obtaining of the property within the meaning of the statute.
It is, however, the law, that where a deposit is averred to have been made, it means a general deposit; that is the presumption, and is the ordinary method of'making deposits in a banking institution. If any other kind of a deposit were claimed to have been made, it should be specially set forth what sort of a deposit it was; but when the general language is used in an indictment as in this case, the presumption is that the deposit was a general one, made by the prosecuting witness in his own name. That doctrine is specifically announced by the Supreme Court in the case of Bank v. Brewing Co., 50 Ohio St., 151, 159.
The indictment in this case is drawn under Section 7076, Revised Statutes, .and under the first part of that section, which reads:
• “"Whoever by any false pretense, with intent to defraud, obtains from any person anything of value,” 'etc.
It is contended in support of the motions to quash these, indictments that within the language of this section, the property, if obtained at all, was' not obtained by the defendant, and that therefore the indictment does not charge an offense under the statute.
It appears by the indictment that the money was in fact deposited by the prosecuting witness with the Ohio Trust Company.
It is argued with a great deal of force, and the argument is sustained by authorities that are convincing to this court, that *99 by virtue of the deposit a director has no control, in the sense that he may dictate, or direct, or handle the fund so deposited: He can not receive a dollar of it and he would have no authority individually to control it, but that does not fully answer the problem that is to be decided in this case.
The language of the statute is ‘! obtains, ’ ’ and while, as I have said, a director by virtue of the deposit certainly would not receive this fund, would not be able individually to control it, yet the question still remains whether, within the meaning of'the statute, the property has been by him ‘ ‘ obtained. ” . “ Obtain, ’ ’ as I understand it, means to get by effort, to procure. Neither the title nor the possession of this money, under the averments of the indictment, passed to the defendant. He did not, -therefore, receive it. Nevertheless, in the opinión of the court, he did within the meaning of this statute obtain it, although the bank received it. If I solicit, successfully, the appointing power in behalf of my friend, I obtain the appointment, but the commission, on being delivered, is delivered to my friend, and he receives the appointment. I think that distinction is applicable to the cases now under consideration. Especially is that true when we consider the object of this statute, -which is, to make unlawful the defrauding of another by false pretenses. What, then, are the elements of the offense? They are, false statements knowingly made, and something of value parted with upon the faith of them. The state is not so much concerned as to who derives the benefit, as it is that by means of false statements, knowingly made, the prosecuting witness has been deprived of his property.
It seems to the court then, that if. the defendant made the false pretenses knowingly and thereby induced the prosecuting witness to deposit money, in this bank, the defendant obtained it, within the meaning of the statute. I reach that conclusion upon considering the objects- and purposes of the statute, and the meaning of the word “obtain.” Undoubtedly, under ordinary circumstances, á man when he obtains an article receives it; but I am convinced that the reception is not the essential part of the obtaining; that if, by the efforts and representations of a party, another is. induced to part with his propei'-ty, then that *100 property lias been obtained, within the meaning of this statute, although the title to it may not pass to the person who made the representations.
What say the authorities upon this question? They are not uniform and it would be impossible to reconcile all of them. I have examined a great many and it seems to me that the greater weight of the authorities is decidedly in favor of the view which I have taken.
Counsel have not furnished me with any reported Ohio case in which this expression has been construed. There is, however, a common pleas decision in which the word “obtain” is construed, as embraced in. Section 7088, Reviséd Statutes. The case to which I'refer is from the Hamilton County Common Pleas, State v. Hofman, 1 N. P., 290. I read from the final paragraph of the decision of Judge Wilson:
“It is alleged .against this indictment, on both counts, that there is no allegation that the defendant intended to obtain this money for himself. The statute says, ‘whoever writes part of a written instrument with intent 'to obtain anything of value. ’ It does not say for whom the property should be obtained. ’ ’
A very instructive case from Massachusetts may be found, Commonwealth v. Langley, 169 Mass., 89. The second proposition of the syllabus reads:
“Where the officer of a corporation, by false .and fraudulent statements, induces certain persons to purchase worthless stock in the corporation, he is guilty of obtaining money under false pretenses, though the title to the money obtained passed to the corporation. ” .
It may be said regarding this case, that the possession passed to the defendant, and the title only passed to the corporation of which he was an officer. So that while there is that difference between Commonwealth v. Langley and the case under consideration, yet I do not regard the difference as of any great consequence, for it is the obtaining of the title that constitutes the offense. State v. Balliet, 63 Kan., 707, is directly' in point. I read from page 1006:
“The legal title to the land stood in the name of one May Murphy, and the bill of sale of the goods, at the request of the *101 defendant, ran to her, although it did not appear that she personally participated in the trade. She was present, however, at the time the inventory of the goods was taken, and gave some clerical assistance therein. It is claimed that there was a fatal variance between the allegations of the information and the proof offered in support thereof, in that the bill of sale being made out in the name of'Miss Murphy, a presumption arises that the transaction was for her benefit, and, if it was, counsel claim that defendant could not lawfully be convicted under an information which failed to charge any conspiracy between himself and Miss Murphy, or that the arrangement between them was fictitious, and made to deceive John and Thomas Truex. The defendant requested an instruction to that effect, which was refused, but the court did advise the jury that, if the defendant ‘obtained from said John Truex and Thomas Truex the goods and merchandise described in the information, then it is not necessary for the state to prove that the defendant so obtained said goods for himself or on his own account, or that hé derived or expected to derive any personal or pecuniary benefit from the transaction.”
After the ease had been submitted, the jury requested further instructions with reference to the matters referred to in the language quoted, and the court defined the word “obtained” as f ollbws:
“The word ‘obtained,’ as used in these instructions, means to get hold of, to get possession of.” The next morning the jury were brought in, and the court gave them the following additional instruction, which appellant strenuously contends to be erroneous: “In order to find that the defendant obtained the goods and merchandise charged in the information, it is not necessary that you should find that he furnished the consideration for the transfer, or that the title to such ‘goods and chattels passed to or vested in him. It is sufficient if he obtained the possession or control of such goods and merchandise, or that such goods and merchandise were delivered to another at his request, or in accordance with his wishes.”
That is precisely the question which we now have under consideration. After citing some authorities, the court proceeds:
“If the false pretenses of the wrongdoer are such as to deprive the person from whom the money is procured of his money, then money is obtained by false pretenses, and a crime is committed. If, in other words, the wrongdoer does make such *102 false pretenses as induce another to part with his money or property, that money or property is obtained from the owner by false pretenses, because he is deprived of it by criminal means and methods. , The law does not make an element of the offense of obtaining money or'property under false pretenses that it shall be obtained for the person making the pretenses himself, or that it shall be intended to obtain it for another; for it is provided that ‘whoever shall obtain money or property’ by false pretenses, shall be guilty of a felony.”
The charge in that case as ultimately given to the jury raises, as- I have indicated, the identical question that we have here.
Another ease to which I call attention is Musgrave v. Slate, 133 Ind., 297. That was a ease in which certain parties sought to defraud an insurance company by certain false representations, and the defrauding, if successful, would have been for the benefit, not of the parties making the representations, but for the benefit of the mother of one of the parties. In the course of the opinion, beginning at the bottom of page 888, the court use this language:
“It can make no difference that the direct and immediate object of the conspirators was to obtain money for the beneficiary in the policy, for the gravamen of the offense consists in the felonious purpose to defraud -another out of money or property. It would avail a thief nothing to aver that he stole property for his mother, and no more can it avail the accused to aver that he made the false pretenses of his death to secure a benefit to his mother. The object of the statute is to protect persons from being defrauded by false pretenses, and to punish those who attempt to secure money or property by such pretenses, or who do so secure it.”
I cite also, Sandy v. State, 60 Ala., 58, 60; State v. McGinnis, 71 Iowa, 685.
The general doctrine upon the question now under consideration is laid down in 19 Cyc. Law & Proced., 409, and in 12 Am. & Eng. Enc. Law (2d Ed.), 826, 827.
These text-books cite some cases that maintain the opposite of this proposition, and, among others, are People v. New York County Court, 13 Hun., 395, and Willis v. People, 19 Hun., 84, which I have not been able to examine; but those cases must be *103 construed in connection with a later decision contained in the New York Supplement which has been affirmed by the Court of Appeals of New York, without report. See People v. Moran, 43 N. Y. App. Div., 155, affirmed, without report, People v. Moran, 161 N. Y., 657. See, also, Bracey v. Stale, 64 Miss., 26.
I think that, clearly, reason is in favor of construing this statute to mean that the obtaining has been accomplished when, by means of false pretenses, with intent to defraud, a prosecuting witness has been induced to part with the title to his property to anybody, and the greater weight of authority certainly maintains that view.
Various other grounds are stated in these motions to quash tbe indictments, but I think none of them are well taken and it follows, therefore, that the motions to quash will be overruled.