## Clarence E. Farmer v. The State.

### No. 5390.   Decided June 11, 1919.

**1.—Swindling—Indictment—False Representations.**

Where, upon trial for swindling, the indictment did not sufficiently allege the connection between the false pretenses and the delivery of the money, and no reason is averred for the alleged consequences of the deception or how the representations made by defendant resulted in inducing the injured party to part with her money, the same is insufficient to allege the offense of swindling.   Following Hurst v. State, 39 Texas Crim. Rep., 196, and other cases.

**2.—Same—Insufficiency of the Evidence—Variance—Evidence.**

Where, upon trial of swindling, by means of false representations, the evidence showed that if there was any fraud it was the conduct of the defendant, and not the alleged fraudulent representation in the indictment, the conviction could not be sustained, and, besides, the objection to the evidence as to such fraudulent act which were not supported by the indictment should have been sustained, and the indictment being insufficient and the evidence not supporting the allegations therein, the judgment is reversed and the cause remanded.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Marvin B. Simpson* and *John L. Poulter*, for appellant.—On question of insufficiency of the indictment; Robinson v. State, 60 Texas Crim. Rep., 353, 132 S. W. Rep., 354; Moore v. State, 81 Texas Crim. Rep., 606, 197 S. W. Rep., 728, and cases stated in the opinion.

On question of insufficiency of the evidence; Kennedy v. State, 9 Texas Crim. App., 399; Howell v. State, 29 id., 592; Winzel v. State, 47 Texas, Crim. Rep., 267.

*E. A. Berry*, Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for the offense of swindling. The indictment charges that appellant by fraudulent representations acquired from Byrdie DeHon the sum of seventy dollars, the charging part of the indictment being as follows: "He, the said Clarence E. Farmer did then and there falsely pretend, and fraudulently represent to the said Byrdie DeHon that he, the said Clarence E. Farmer was then and there the owner, manager, agent and employee of the National Business College of Ft. Worth, Texas, and that he was working and acting in connection with and by authority of the said National Business College of Ft. Worth, Texas and he the said Clarence E. Farmer did then and there further falsely pretend and falsely and fraudulently represent to the said Byrdie DeHon that he, the said Clarence E. Farmer did then and there have full power

and authority by virtue of his connection and agency with the said National Business College of Ft. Worth, Texas, as aforesaid, to collect, receive and receipt for money due and owing to said National Business College of Ft. Worth, Texas, and he the said Clarence E. Farmer did then and there by the means aforesaid fraudulently induce the said Byrdie DeHon, and the said Byrdie DeHon then and there relying upon said false pretenses and fraudulent representations, and believing the same to be true, was then and there and thereby fraudulently induced to and did deliver the title to, and the possession of said money to the said Clarence E. Farmer.''

It appears that there are situated in Ft. Worth rival business colleges, one of them known as the National Business College, the other Farmer's Business College. The theory of the State was that the alleged injured party, Byrdie DeHon, desired to acquire a scholarship in the National Business College and that preliminary thereto her father had made a deposit of twenty dollars with that institution and received a receipt therefor, and that she came to Fort Worth for the purpose of paying $68, the balance necessary to complete the payment for the scholarship and that she, not being aware that there were two business colleges, and having gone into the place of the appellant which was the Farmer's Business College, had been, by false representations made by him, induced to pay to him the $68, she believing that she would receive therefore a scholarship in the National Business College.

The absence of any averment in the indictment showing that Byrdie DeHon desired to acquire a certificate of scholarship in the National Business College, and that the alleged false representations had reference to inducing her to pay appellant for such certificate, is the predicate for the motion to quash the indictment. We regard the criticism as a just one. We find no sufficient allegations showing the connection between the false pretenses alleged and the delivery of the money. No reason is averred for the alleged consequences of the deception. It does not appear how the representation that he was authorized to act for the National Business College would result in inducing the injured party to part with her money. The facts of the case are not dissimilar from those of Hurst v. State, 39 Texas Crim. Rep., 196, in which an indictment for swindling was held bad because of the failure to make allegations showing the connection or relation between the fraudulent allegations and the consequences charged to have resulted therefrom. The principle controlling is illustrated by the court in Cummings v. State, 36 Texas Crim. Rep., 152, as follows:

''If A represents to B that he is the owner of a certain horse, and has the right to dispose of the same, and that he will sell said horse for $100, and B gives him $100 merely on the faith of his representations that he is the owner and has the right to dispose of said horse, he would simply part with his money on the faith of the

bare representations, and not on any alleged sale of the horse as the consideration for his parting with the money; and in such case there would be no sale or exchange, and no basis in law for the assumed swindle.''

In Robinson v. State, 60 Texas Crim. Rep., 353, the allegation was that Wheeler was induced to part with $26 in money upon the fraudulent representations of Robinson. The representation was, that Robinson was the owner of certain goods and had the right to dispose of same, when in truth and in fact said Robinson owned no such goods as represented to the said Wheeler and knew at said time that all of said representations were false and were made solely for the purpose of swindling the said Wheeler out of said sum of money. The information was held bad upon several grounds not here material, and of it the court said: ''The information fails to show any connection between the false representations and the obtention of the property. If it was intended to charge a swindle by means of exchange of property, it fails to allege a sale and delivery.'' Other cases in point are Hunter v. State, 46 Texas Crim. Rep., 498; Thorpe v. State, 50 S. W. Rep., 383; Moore v. State, 81 Texas Crim. Rep., 606, 197 S. W. Rep., 728; Lutton v. State, 14 Texas Crim. App. 523.

The evidence of Byrdie DeHon, introduced in support of the indictment, was in substance, that she came to Fort Worth without any acquaintance with the appellant, and without any knowledge that there were two business colleges conducted by men by the name of Farmer; that she had previously had a telephonic communication and made an oppointment to go to the office of Clarence E. Farmer, and that she had in her possession a receipt dated June 15, 1918, which was unsigned, but which stated: ''Received of Joe DeHon $20 cash on combination scholarship in the National Business College, Ft. Worth, Texas. Balance due $68.'' After introducing herself to the appellant he asked her if she wished to buy a scholarship, to which she replied, no, that she wanted to finish paying for one that she had bought from Mr. Lawhon; that she had paid him $20, and wanted to pay $68 to finish paying for it; that she handed appellant the receipt mentioned, which he laid down on his desk, and that she laid $68 down, and he gave her a receipt for that sum. She went to his school at intervals for about two weeks when she learned that the Farmer's Business College and the National Business College were different institutions; that she then demanded the return of her money, to which demand appellant declined to accede. She said: ''From Mr. Farmer's acts there at that time I believed that he was representing the National Business College of Fort Worth. I relied upon what he said as being true. I would not have parted with my money otherwise.''

We fail to find in her testimony, or in the record any testimony that appellant represented that he had any interest in or connection with the National Business College. If the State relied upon his

conduct and his failure to make explanation of the distinction between the two colleges as a substitute for the direct representations which were declared on in the indictment, it occurs to us that the indictment should have contained allegations showing that it was not upon direct statements, but upon a course of conduct and the acts of appellant upon which the State relied to establish the deceit. The objection to the evidence that Miss DeHon believed from his acts that he was representing the National Business College should have been sustained, for the reason that it was not embraced in any averment in the indictment. The evidence that was introduced failed to support the allegations of false representation. Doubtless if there had been evidence that the appellant had stated in his interview with Miss DeHon that he represented the National Business College, or was connected with it, and the indictment was otherwise sufficient to admit that testimony, his course of conduct and acts would have been admissible as a part of the *res gestae,* but as the matter presents itself it seems that his acts and conduct and not his affirmative representations are relied upon as the substantive proof of the claim set up by the State. In our opinion the indictment is insufficient to charge an offense, and the evidence introduced did not support the allegations that were made.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*