I. LEON AND A. J. ROBERTS v. THE STATE.

No. 7797. Decided June 13, 1923.

**Swindling—Misdemeanor—Information—Arrest of Judgment.**

A motion in arrest of judgment can only be considered when a defect of substance is complained of in the information, in the absence of a motion to quash, and where, in the instant case, the information fails to allege the exchange, sale, or delivery to the prosecuting witness by appellant of any property falsely described the same is fatally defective, and the appeal must be dismissed.

Appeal from the County Court of El Paso. Tried below before the Honorable J. M. Deaver.

Appeal from a conviction of swindling; penalty, a fine of $250.00, and ten minutes imprisonment in the county jail.

The opinion states the case.

*W. Joe Bryan,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—The Appellants were convicted in the County Court at law of El Paso County of misdemeanor swindling, and their punishment fixed at a fine of $250 each.

The information under which the conviction was had, omitting formal parts, is as follows:

"In said County of El Paso, and State of Texas, I. Leon and A. J. Roberts, devising and intending to secure the unlawful acquisition of twenty six dollars in money, of the value of twenty six dollars, the personal property of W. B. Arens, and with the intent to appropriate said money to their own use and benefit, did then and there unlawfully and fraudulently acquire possession thereof, from the said W. B. Arens, by means of false, and deceitful pretenses, devices and fraudulent representations unlawfully, knowingly and fraudulently then made by them, the said I. Leon and A. J. Roberts, to the said W. B. Arens, in this: That they then and there did falsely pretend and fraudulently represent to the said W. B. Arens, that a certain wrist watch, which they were then and there offering for sale to the highest bidder, was made of white gold, and was of the ordinary retail value of $32.00 and thereby induced the said W. B. Arens to part with his $26.00 and deliver title and possession thereof to them, the said I. Leon and A. J. Roberts; whereas in truth and in fact, the wrist watch, then and there offered for sale, to the highest bidder by the said I. Leon and A. J. Roberts, was not made of white gold, and was not of the ordinary retail value of $32.00 and said pretences and representations so made, and devices so used, were false, and fraudulent, and they the said I. Leon and A. J. Roberts, then and there well knew that the said pretences, devices and representations were false and fraudulent when so made and used, against the peace and dignity of the State."

No motion was made to quash the information, and it was not attacked until a motion was made in arrest of judgment. Such motion would come too late except the pleading be defective in matter of substance, but if the information in fact charged no offense against the laws of this State, the defect could be reached by motion in arrest. Almost an exact counterpart of this information was before this court in the case of Cummings v. State, 36 Texas Crim. Rep. 152, and held bad. An examination of the information above set out will disclose that it nowhere alleges that the watch or anything of value was sold and delivered by appellants to the prosecuting witness. A man may not part with his property upon mere false representations of another, and a prosecution be legally supported for such act or upon such allegation. We might as well say that A falsely and fraudulently represented to B that the moon was made of green cheese and thereby induced B to deliver to him, A, one hundred dollars in money, which representations were false and fraudulent and known to be such when A made them. See Hurst v. State, 39 Texas Crim. Rep. 196; Albertson v. State, 84 Texas Crim. Rep. 574; Farmer v. State, 85 Texas Crim. Rep. 440.

The information herein failing to allege the exchange, sale or de-

livery to the prosecuting witness by appellants of any property, falsely described, is deemed fatally defective under said authorities.

The judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*