W. C. Brigham v. The State.

No. 12520.   Delivered May 22, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense, swindling; penalty, two years.

The offense is predicated upon the giving of a worthless check for $55.26 by appellant. It is shown in the testimony that prior to the delivery of this check, he purchased four casings, four inner tubes and six gallons of gas, the total amount of which was $55.26, and gave in payment therefor the check in question, which proved to be worthless. It further appears that he wanted a complete set of casings for his Ford car but that the owner did not have two of the casings he wanted in stock and such two were not delivered, it being agreed that the owner would order these for him, but their purchase price was included in the face of the check. Their value was shown to be eleven dollars each. It thus uncontradictedly appears that the value of the property actually acquired by appellant was the sum of $33.26, and it is insisted that this shows the commission of a misdemeanor and not a felony because two of the casings were never delivered.

Swindling is defined as follows:

" 'Swindling' is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same." Art. 1545, P. C.

One of the defined elements of this offense is the "acquisition" of any personal property. The word "acquired" is defined as follows:

"To obtain; to procure; to get as one's own. In its primary use · to get as owner." 1 C. J. 908.

It has been stated:

"When the accused is in possession of the property at the time, · the intent to invest title in him will be sufficient, but when he is not already in possession thereof he must, in addition to acquiring title, obtain actual possession of the property, either by himself or by his agent. It follows then that to complete the offense both title to and possession of the property must have been obtained." 25 C. J. 605, citing: Jamison v. State, 37 Ark. 445; In re Stephenson, 67 Kan. 556; Bracey v. State, 64 Miss. 26; Com. v. Schmunk, 22 Pa. Super. 348; Com. v. Zimmerman, 24 Pa. Dist. 1050.

The distinction between swindling and theft is stated by Mr. Branch as follows:

"The distinction between the offenses of swindling and theft where the property is acquired by means of false pretenses is this: if the owner was induced to part and did part with his property finally by means of the false pretense, that is, if he intended to part with both the title and possession of his property, the offense is swindling; if the owner—the injured party—only intended to part with the possession and custody and not the title to his property, the offense is not swindling, but may be theft." Branch's P. C., Sec. 2626; White v. State, 11 Texas, 769; Lewis v. State, 75 Tex. Crim. Rep. 512, where authorities are collated. See also 26 C. J. 657.

And further, venue of such an offense is where the property is · acquired. Sims v. State, 28 Tex. Crim. Rep. 447; Bink v. State, 50 Tex. Crim. Rep. 445.

These authorities sufficiently illustrate the general principle that in offenses of this character the possession of the property must have passed to the accused. We think it was so intended by the Legislature in using the word "acquisition" in its definition of the offense of swindling.

Because the evidence in this case shows the acquisition of property of the value of $33.26, which is not a felony under the Penal Code, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.