ROBERT H. JONES v. THE STATE.

No. 16335. Delivered November 29, 1933.
Rehearing Denied June 13, 1934.

470

The opinion states the case.

*Letcher King,* and *Stinson, Hair, Brooks & Duke,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling; the pun-

ishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts.

The sufficiency of the indictment is challenged on several grounds. Omitting the formal parts, we quote from the indictment as follows: "Erwin Spicer, Robert H. Jones, and Bill Gooch, acting together as confederates, and on behalf of each other, and with a common design and purpose on or about the 31st day of March, A. D. one thousand nine hundred and thirty three and anterior to the presentment of this indictment, in the County of Taylor and State of Texas, did then and there unlawfully falsely and fraudulently, and by the use of false and deceitful pretenses and devises and fraudulent representations and by the means of such deceitful pretenses and devices and fraudulent representations did obtain from R. B. Johnson fifty dollars in money of the value of fifty dollars; the said Erwin Spicer, Robert H. Jones and Bill Gooch did obtain said money with the intent to defraud, the said money being then and there the personal property of and belonging to the said R. B. Johnson, and the said Erwin Spicer, Robert H. Jones and Bill Gooch obtained said money with the intent to appropriate the same to their own use and benefit and with the intent then and there to deprive the owner of the value of the same; and the said Erwin Spicer, Robert H. Jones and Bill Gooch did then and there obtain the said money from the said owner by falsely representing to the said R. B. Johnson that they had a 52 gallon barrel of coca cola; that the said 52 gallon coca cola barrel contained coca cola and that they would sell said barrel of purported coca cola to the said R. B. Johnson for the sum of fifty dollars, and the said defendants did then and there deliver said purported 52 gallon barrel of coca cola to the said R. B. Johnson in exchange for the said fifty dollars; that the said fifty dollars was then and there delivered to the said defendants by the said R. B. Johnson in exchange for said purported 52 gallon barrel of coca cola and the said R. B. Johnson did then and there part with the title and possession of said money in consideration of the said delivery to him of said purported barrel of coca cola as aforesaid; that the said deceitful pretenses, devices and representations so made by the defendants as aforesaid, were false and fraudulent and were known to be false and fraudulent by the defendants at the time they so made them to the said R. B. Johnson but were made by the said defendants at the time with the intent to defraud the said R. B. Johnson; that the said R. B. Johnson believed the said deceitful pretenses, devices and false representations and relied upon

them and in believing said deceitful pretenses, devices and false representations to be true and in believing that the said 52 gallon barrel contained 52 gallons of coca cola and in relying upon this was induced to part with the title and possession of said money as aforesaid; whereas in truth and in fact the said barrel did not contain 52 gallons of coca cola but contained water; and the said defendants did secure the said fifty dollars as aforesaid from the possession of the said R. B. Johnson with the intent then and there to deprive the said R. B. Johnson of the value of the same and to appropriate the same to their own use and benefit."

The first objection to the indictment is that it fails to aver the *acquisition* of the property from the injured party by appellant and his companions. Appellant contends that the word *obtained* is not equivalent to the word *acquired,* and points out that article 1545, Penal Code, defining *swindling,* uses the terms "the acquisition of any personal or moveable property" etc. Considered in connection with the averment that the money was obtained with intent to defraud and with intent on the part of appellant and his confederates to appropriate same to their own use and benefit and to deprive the owner of the value of the same, the opinion is expressed that the failure to use the word *acquired* should not vitiate the indictment. It may be added that the Legislature, in defining swindling, apparently used the terms in question interchangeably. In article 1546, subdivision 3, it is declared that the *obtaining* by false pretense of the possession of any instrument of writing, etc. is within the meaning of swindling; and in subdivision 4 of the same article the *obtaining* of any money or other thing of value under the circumstances set forth in said subdivision is within the meaning of the term swindling. In each of the subdivisions mentioned the term *acquisition* is not used.

Appellant further objected to the indictment on the ground that it failed to allege that he and his associates desired to sell a barrel of Coca-Cola, and further failed to allege that the injured party desired to purchase a barrel of Coca-Cola. The indictment does allege that appellant and his co-defendants falsely represented to the injured party that they had a 52 gallon barrel of Coca-Cola and that they would sell this barrel of Coca-Cola to him for the sum of fifty dollars. There are further allegations to the effect that the injured party relied upon the false pretenses and delivered the fifty dollars in money to appellant and his co-defendants in exchange for the pur-

ported 52 gallon barrel of Coca-Cola. We deem this objection to the indictment to be without merit.

Appellant's next contention is that the indictment is insufficient in that it undertakes to charge swindling by an exchange of property, but nowhere alleges that the appellant or those alleged to be acting with him was the owner of or had the right to dispose of the purported barrel of Coca-Cola given in exchange for the fifty dollars. Subdivision 1 of article 1546, Penal Code, includes within the meaning of the term "swindling" "the exchange of property upon the false pretense that the party is the owner or has the right to dispose of the property given in exchange." As we understand the indictment, it does not charge swindling by an exchange of property under this subdivision, but charges the acquisition of the property by means of the alleged false representation that the barrel appellant and his companions were delivering to the injured party contained Coca-Cola. In other words, the indictment is not based upon the false pretense that appellant was the owner or had the right to dispose of a barrel of Coca-Cola, but upon the false representation that the barrel delivered to the injured party contained Coca-Cola. See article 1545, Penal Code.

Appellant next contends that the indictment is unintelligible, in that it cannot be determined whether the charge is under subdivision 1 of article 1546, or article 1545, Penal Code. As heretofore stated, we think it clearly appears from the indictment that it is predicated upon a false representation as to the contents of the barrel, and not upon an assumption of ownership. As stated, subdivision 1 of article 1546, Penal Code, relates to an assumption of ownership or the right to dispose of property.

We pretermit a discussion of the remainder of appellant's objections to the indictment. However, we have carefully examined them, and are constrained to hold that they should be overruled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his claim that the indictment is bad because it alleges in several places that

by fraudulent pretenses, etc. this appellant did *obtain* the money of Johnson,—the point being again made that the indictment should have averred that appellant *acquired* said money. In our former opinion, upon the authority of various sections of accompanying statutes, we said it seemed in the swindling statute that the legislature had used the words acquired and obtained as meaning substantially the same thing. We are still of that opinion. Article 1545, P. C., defining swindling generally, says it is the acquisition of any personal or movable property in the way and by the means set out. The next Art. 1546, P. C., says in two of its defining sections that swindling is the *obtaining* of the property mentioned by false pretense. Again in Art. 1549, P. C., it is said that where money or property is *obtained,* etc. Also in Art. 1551, P. C., it is said that any person who shall *obtain* board, etc., by means of false pretenses, shall be punished.

Examining the meaning of the words under discussion in the Cenutry Dictionary, we find that the word "obtained" is defined as "To get; procure; secure; *acquire,*" etc. The word "acquire" appears in the same authority to have as synonyms "To get; *obtain;* attain," etc. We also find that the word "acquisition" is defined as the act of acquiring or gaining property; that which is acquired or gained, especially a material possession *obtained* by any means. In Brigham v. State, 17 S. W. (2d) 1073, this court approved a definition given the word "acquire" as follows: "To obtain; to procure," etc. We do not think anything to the contrary appears in Allen v. State, 262 S. W., 502, or in Cannon v. State, 15 S. W., 117, cited in appellant's motion.

We believe that the averment that appellant obtained the property by false pretense in exchange for other property, was sufficient. The peculiar facts in Farmer v. State, 85 Texas Crim. Rep., 440, led us to criticise the indictment therein for its failure to allege that the injured party desired to acquire a certificate showing her entitled to a scholarship, but we find no such facts here, this being a case wherein it was alleged that appellant and others represented to Johnson that they had a named quantity of Coca-Cola which they would sell to him for $50.00, and that they delivered to him said purported Coca-Cola in exchange for his $50.00, and that he thereby parted with his title and possession of said money in consideration of their delivery to him of said purported Coca-Cola.

We have examined the other two grounds of appellant's motion, both of which were discussed in our original opinion.

The lack of any specific allegation as to ownership of the purported Coca-Cola seems in nowise to legitimately affect the validity of the indictment, which alleged that Jones and others falsely represented to Johnson that they had a barrel of Coca-Cola which they would sell to him for $50.00, and that they delivered to him said purported barrel of Coca-Cola in exchange for his $50.00, which he delivered to them,—as a result of which transaction Johnson parted with the title and possession of said money, believing that he had gotten therefor Coca-Cola, which turned out to be water. In our opinion this sufficiently alleges a swindling upon a false pretext that appellant had for exchange or sale that which in fact he did not have. King v. State, 146 S. W., 543; Faulk v. State, 38 Texas Crim. Rep., 79.

If by the false and fraudulent representations of the accused the injured party was induced to surrender his property to the accused, and if such party was thereby made to thus lose his property, the thing made penal by the swindling statute would have been proven. The averment of the ownership of the property had or claimed to be had by the accused and his confederates, which the injured party believed from their representations he was getting, should at least be substantially set up, and we think a sufficient averment of ownership here appears.

Appellant insists that the testimony does not sustain a felony conviction because Johnson only parted with $50.00 in money, and that he got in exchange therefor, to say the least, a barrel,—which appellant insists was worth something, at least enough to make Johnson's loss less than $50.00. The proposition is novel, but we fear not sound. In the absence of a statement of facts we do not know whether the barrel itself was delivered to or obtained by Johnson, or whether the delivery was merely of the amount of fifty-two gallons of purported Coca-Cola from a barrel. Nor is there the slightest evidence that the barrel had any value or that Johnson claimed the barrel.

Appellant's motion for rehearing is overruled.

*Overruled.*