H. ANNA GRIFFITH V. THE STATE.

No. 23256. Delivered January 9, 1946.

The opinion states the case.

*Fred C. Knollenberg,* of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for misdemeanor swindling; the punishment, a fine of $350.00 and one day in jail.

The sole question before us is the sufficiency of the information.

The information alleged the false representations as follows:

"* * * by then and there falsely and fraudulently representing to the said Tom Navar that she and the Hilton Florists, Inc., of which she was then and there the President, Manager and person in charge, was then and there a member of the Florist Telegraph Delivery Association, and as such member she and the said Hilton Florists, Inc., had a right to deliver flowers and cause flowers to be delivered by wire, and she represented that she was authorized and that Hilton Florists, Inc., were authorized to send by telegraph $5.00 worth of flowers to Mrs. Anna Marie Navar in Mexico City, Mexico, and that said representations, pretenses and devices were untrue, false and fraudulent and were known to be untrue, false and fraudulent at the time by the said H. Anna Griffith and in truth and in fact neither she, nor Hilton Florists were and are members of "Florists' Telegraph Delivery Assn.," and had not been since March 7th, 1944, and the said false and fraudulent pretenses and devices and representations aforesaid caused the said Tom Navar to deliver said $6.25 in cash to the said H. Anna Griffith, which $6.25 she

fraudulently appropriated as above set out, against the peace and dignity of the State."

The effect of such allegations was to charge that appellant falsely represented that she was authorized to send flowers, by telegraph, to Mexico City and, upon those representations, the injured party paid to her $6.25.

It will be noted that there is no allegation that the appellant contracted or obligated herself to send flowers to Mexico City by telegraph or to do anything for the $6.25 which the injured party paid to her. For this reason, the information is fatally defective.

In Leon v. State, 252 S. W. 551, in passing upon the sufficiency of the information to charge swindling, we said:

"An examination of the information above set out will disclose that it nowhere alleges that the watch or anything of value was sold and delivered by appellants to the prosecuting witness. A man may not part with his property upon mere false representations of another, and a prosecution be legally supported for such act or upon such allegation. We might as well say that A. falsely and fraudulently represented to B. that the moon was made of green cheese, and thereby induced B. to deliver to him (A) $100 in money, which representations were false and fraudulent and known to be such when A. made them."

The information being insufficient to charge the crime of swindling, the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.