334 S.E.2d 627

**STATE of West Virginia**

v.

**Betty DEANER.**

**No. 16410.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 29, 1985.

Decided June 3, 1985.

Rehearing Denied July 10, 1985.

**490**

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

William R. DeHaven, Martinsburg, for appellant.

PER CURIAM:

The appellant, Betty Deaner, appeals from an order by the Circuit Court of Berkeley County which confirmed her conviction of welfare fraud and sentenced her to a one-to-five year prison term. One of her assignments of error, the trial court's failure to conduct further inquiry of two prospective jurors who had indicated possible prejudice, is dispositive, rendering it unnecessary to address the remainder of her assignments.

During *voir dire* of the jury panel, two prospective jurors reponded affirmatively to the questions, "Are there members of the jury panel who have made any statements to anyone that Welfare should be abolished and have made such remarks ser-iously?" and "Are there any members of the jury panel ... who feel that public assistance, better known as welfare, should be abolished?" Following their affirmative responses to each of these questions, counsel moved that they be discharged for cause. Without conducting further inquiry of these prospective jurors, who were eventually struck from the panel through exercise of the appellant's peremptory challenges, the trial court denied both of these motions.

This Court has consistently held that, "The true test as to whether a juror is qualified to serve on the panel is whether without bias or prejudice he can render a verdict solely on the evidence under the instructions of the court." Syl. pt. 1, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974); *see also* Syl. pt. 6, *State v. Gum*, 172 W.Va. 534, 309 S.E.2d 32 (1983); Syl. pt. 2, *State v. White*, 171 W.Va. 658, 301 S.E.2d 615 (1983); Syl. pt. 4, *State v. Audia*, 171 W.Va. 568, 301 S.E.2d 199 (1983); Syl. pt. 7, *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982); Syl. pt. 1, *State v. Harshbarger*, 170 W.Va. 401, 294 S.E.2d 254 (1982); Syl. pt. 3, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981); Syl. pt. 1, *State v. Kilpatrick*, 158 W.Va. 289, 210 S.E.2d 480 (1974); Syl. pt. 2, *State v. Flint*, 142 W.Va. 509, 96 S.E.2d 677 (1957); Syl. pt. 1, *State v. Dephenbaugh*, 106 W.Va. 289, 145 S.E. 634 (1928).

In order to ascertain whether each potential juror passes this litmus test, we have also consistently held that, "Jurors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse." Syl. pt. 3, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978); *see also* Syl. pt. 5, *State v. Beckett*, 172 W.Va. 817, 310 S.E.2d 883 (1983); Syl. pt. 2, *State v. Ashcraft*, 172 W.Va. 640, 309 S.E.2d 600 (1983); Syl. pt. 1, *State v. Toney*, 171 W.Va. 725, 301 S.E.2d 815 (1983); Syl. pt. 1, *State v. Simmons*, 171 W.Va. 722, 301 S.E.2d 812 (1983); Syl. pt. 2, *State v.*

*Schrader,* 172 W.Va. 1, 302 S.E.2d 70 (1982); Syl. pt. 3, *State v. Peacher,* 167 W.Va. 540, 280 S.E.2d 559 (1981); Syl. pt. 4, *State v. Payne,* 167 W.Va. 540, 280 S.E.2d 72 (1981).

The importance of *voir dire* is reflected in our holding in Syllabus Point 1 of *State v. Peacher, supra,* that:

> The right to a trial by an impartial, objective jury in a criminal case is a fundamental right guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article III, Section 14, of the West Virginia Constitution. A meaningful and effective *voir dire* of the jury panel is necessary to effectuate that fundamental right.

Personal opinions with respect to the subject matter of particular litigation may be held with such conviction as to prejudice one's ability to render a verdict solely on the evidence under the instructions of the court. For example, in *State v. Harshbarger,* 170 W.Va. at 403–404, 294 S.E.2d at 256–57, this Court held that a trial court did not abuse its discretion in excusing two prospective jurors who indicated, upon inquiry by the trial judge, that their views favoring legalization of marijuana would prejudice their ability to render a verdict even if the facts established that the appellant had delivered the substance. We stated that:

> It is the responsibility of the trial judge to ensure that the jurors selected to decide the guilt or innocence of a defendant are able to apply the law as it is written, not as any single juror thinks it should be. Thus, in this case it was proper for the trial judge to inquire into the jurors' ability to apply the law which makes the delivery of marihuana a crime. If, as a result of this inquiry, it becomes apparent to the trial judge that any juror would be unable to properly apply the law, then it is within the sound discretion of that judge to excuse that juror for cause.

170 W.Va. at 404, 294 S.E.2d at 257.

Although noting in *State v. Schrader,* 172 W.Va. at 3, 302 S.E.2d at 72, that, "None of our prior opinions has demanded that individual *voir dire* be permitted in all cases," this Court also recognized that,

"we have found individual *voir dire* to be required ... when a juror has disclosed a possible area of prejudice." When it became apparent that two potential jurors in the present action had possible prejudices which could adversely affect their ability to render a verdict even if the facts established that the appellant had not obtained public assistance fraudulently, it was incumbent upon the trial court to conduct a further inquiry. Understandably, following the trial court's rejection of his two motions for disqualification, the appellant's counsel may have felt somewhat reluctant to confront each of these potential jurors in the presence of the rest of the panel. We therefore conclude that the trial court committed reversible error by failing to question each of these potential jurors individually concerning whether they could render without bias or prejudice a verdict solely on the evidence under the instructions of the court despite their opinions with respect to the abolition of public assistance.

Although not passing on the issue of the sufficiency of the evidence, which is not raised on appeal, we note that the only evidence introduced by the prosecution which indicated that the appellant "obtained" public assistance in the form of food stamps as charged was a department of welfare computer printout which established that food stamps had been mailed to her husband, who was the official applicant and recipient, at their home address. Apparently, food stamps are not endorsed when tendered as payment for the purchase of food items. Therefore, it would appear that proving beyond a reasonable doubt that the appellant actually "obtained" the food stamps within the generally accepted meaning of the word would be difficult. For example, in *Goodman v. State,* 237 Md. 64, 67, 205 A.2d 53, 54 (1964), involving a prosecution for unlawfully obtaining by misrepresentation a narcotic drug, the court stated that, " 'Obtain' means 'to get hold of by effort,' 'to gain possession of,' or 'to attain.' Webster's New International Dictionary, Second Edition; Black's Law Dictionary, Fourth Edition. Consequently, according to the plain meaning of the word, appellant did not obtain the drug until he had gained possession of it." *See also Griffith v. United*

*States,* 245 F.Supp. 678, 681 (D.N.J.1965); *United States v. Somers,* 164 F. 259, 262 (S.D.Cal.1908); *Connor v. State,* 29 Fla. 455, 479–80, 10 So. 891, 892 (1892); *People v. Miller,* 278 Ill. 490, 504, 116 N.E. 131, 138 (1917); *People v. Shapiro,* 299 Ill.App. 255, 259, 20 N.E.2d 107, 108 (1936); *State v. McGinnis,* 71 Iowa 685, 687, 33 N.W. 338, 339 (1887); *In re Estate of Forster,* 178 Kan. 120, 122, 283 P.2d 491, 493 (1955); *State v. Miller,* 53 Kan. 324, 327, 36 P. 751, 752 (1894); *State v. Will,* 49 La.Ann. 1337, 1339–40, 22 So. 378, 379 (1897); *State v. Bowdry,* 346 Mo. 1090, 1094, 145 S.W.2d 127, 129 (1940); *State v. Healy,* 156 Ohio St. 229, 238–39, 102 N.E.2d 233, 228 (1951); *Commonwealth v. Schmunk,* 207 Pa. 544, 546, 56 A. 1088, 1089 (1904); *Commonwealth v. Keenan,* 186 Pa.Super. 107, 113, 140 A.2d 361, 365 (1958); *Jones v. State,* 126 Tex.Cr.R. 469, 474, 72 S.W.2d 260, 262 (1933).

In any event, due to the failure of the trial court to conduct individual *voir dire* of the two prospective jurors who indicated possible prejudice, the judgment of the Circuit Court of Berkeley County must be reversed.

Reversed and remanded.