Hunt v. The New York, Chicago and St. Louis Railway Company.

No. 11,156.

HUNT v. THE NEW YORK, CHICAGO AND ST. LOUIS RAIL-
WAY COMPANY.

RAILROADS.—*Appropriation of Land.*—*Description.*—*Amendment.*—Under sec-
tion 3909, R. S. 1881, the court has power, during the pendency of a pro-
ceeding by a railroad company to condemn land for the right of way of
its road, to permit the plaintiff to amend the description of the land so
condemned, as set forth in the article of appropriation and in the pro-
ceedings thereunder.

SAME.—*Supreme Court.*—*Presumption.*—*Damages.*—In such case the Supreme
Court will presume, in the absence of the evidence adduced at the trial,
that if the quantity of land appropriated was augmented, or the damages
of the owner increased, by reason of such amendment, these facts were
considered by the jury in making their assessment.

From the Lake Circuit Court.

*T. J. Merrifield*, for appellant.

*W. B. Johnston* and *J. B. Cohrs*, for appellee.

COLERICK, C.—This was a proceeding by the appellee to
condemn, as a right of way for its railroad, a strip of land
owned by the appellant. During the pendency of the pro-
ceeding, the appellee was permitted by the court to alter and
amend the description of the land so condemned as set forth
in the article of appropriation that was filed by the appellee,
and in the proceedings thereunder. The action of the court
in permitting the amendment to be made is the only error as-
signed. The record shows that leave to so amend was granted
by the court on the written application of the appellee, in
which it was stated "that in the proceedings heretofore had
in the instrument of appropriation and proceedings to con-
demn, an error, through inadvertence, was made in the de-
scription of the lands to be appropriated by it (the appellee)
over and across the defendant's premises in Porter county,
Indiana, in this, to wit, that the starting point in said prem-
ises is given as commencing 485 feet north of the southeast
corner of the west half of the southwest quarter of section
twenty-three (23) in township thirty-five (35) north, range

six (6) west, when the true starting point was, is, and should have been given, as 1,463 feet south of said southeast corner; that by commencing at the point of termination, as given, on the west side of said tract, in the instrument of appropriation and proceedings to condemn, and following the courses and distances back to the east line of said tract, it brings out the starting point as 1,463 feet north of said southeast corner of said tract, and where the line of the railroad was located and distinctly marked out at the time of the appropriation and condemning the same, and where the same was actually viewed and appraised by the appraisers appointed by the court on petition of plaintiff to assess the damages to defendant by reason of the appropriation therein. And the plaintiff further says that, at the time of the assessing of the damages to defendant, as aforesaid, said defendant and his attorney were along with the appraisers and passed over this identical line with them, and pointed out the same to the appraisers; and the plaintiff further says that its railroad has been constructed and is in operation on the identical line as appraised and pointed out to the appraisers as aforesaid," etc.

The truth of the facts recited in the application, as above set forth, was verified by the affidavits of Mr. Johnston, the attorney for the appellee, and Mr. Garber, its civil engineer, who surveyed and located the line across the land in question, which affidavits were filed with and in support of the application. No counter affidavits were filed by the appellant, nor were the facts recited in the application controverted in any manner by him. It is fair to infer that they were true. After the amendment was made, a trial by jury occurred, resulting in the rendition of a verdict in favor of the appellant, by which his damages, caused by said appropriation, were assessed at $3,000, for which sum judgment was rendered in his favor. These damages were assessed after the amendment was made. So, if the quantity of land appropriated by the appellee was augmented, or the damages of the appellant were increased, in consequence of the amend-

ment, it is safe to presume that those facts were considered by the jury in the assesssment of the damages. It is proper for us to presume so in the absence of the evidence adduced at the trial.

The statute relating to the subject of appropriation of lands by railroads, provides: * * * " The court shall also have power, at any time, to amend any defect or informality in any of the special proceedings authorized by this act as may be necessary." * * * R. S. 1881, section 3909. It has been held by this court, in *Prather* v. *Jeffersonville, etc., R. R. Co.*, 52 Ind. 16, that statutes authorizing the taking of private property for public use are not to be extended by inference, nor are they to be so strictly or literally construed as to defeat the evident purpose of the Legislature. Under the provision of the statute above cited, we think the court below possessed ample power to permit the amendment to be made. It is quite apparent that the court in the exercise of its power, so conferred, did no injustice to the appellant, as the amendment was allowed and made while the proceeding was *in fieri*, and before the damages finally awarded were assessed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

