## THE PEOPLE v. EUGENE BROWN.

*Criminal law—False pretenses—Information.*

An information charging respondent with obtaining two promissory notes by means of *false* representations as to the pecuniary responsibility of an alleged corporation for which he claimed to be agent, but which fails to show that the corporation, directly or by agent, made any agreement or had any dealings with the party alleged to have been defrauded, or to state the consideration for the notes, or to whom payable, or whether negotiable or not, charges no offense.

Error to Shiawassee. (Newton, J.) Argued June 27, 1888. Decided July 11, 1888.

Information for obtaining two promissory notes by means of false pretenses. Respondent was convicted. Reversed and respondent discharged. The facts are stated in the opinion.

*D. Shields* and *L. S. Montague,* for respondent.

*Moses Taggart,* Attorney General, and *S. F. Smith,* Prosecuting Attorney, for the people.

CAMPBELL, J. Respondent was convicted of obtaining two promissory notes—one of $200, and one of $80—on false pretenses. From the testimony the case seems to have been one of the Bohemian oat cases; but it is claimed that no offense was charged in the information. The purport of this was as follows : It charges that Alva Ellis and respondent, with fraudulent design, etc., represented to one Harmon Hartwell that respondent was agent for an incorporated company, designated as the "Bohemian Oat & Cereal Company," having its chief office at Ypsilanti; that it was a good, responsible, and reliable company, that fulfilled all its contracts, and had a paid-up capital of $100,000, and was so wealthy and financially responsible that it would be impossible for it to avoid payment of all its liabilities; that it intended in good faith to carry out all contracts, and any contract made with it through its said agent would be fairly and honestly fulfilled, and it had thus far fulfilled all its obligations, and was not a fraudulent or swindling company, but honest, fair, and trustworthy, and any deal with it would be fairly and in good faith carried out.

That Hartwell, relying on these representations, was induced to sign and deliver the two notes to Ellis and respondent, who obtained them by the false and fraudulent representations, and with the fraudulent design mentioned. The information then negatives the allegations imputed to respondent specifically.

The information does not point out for what considera-
tion these notes were given, or to whom they were pay-
able, or whether negotiable or not.[1]   It does not show
that the corporation, directly or by agent, made any
agreement or had any dealings with Hartwell.   In other
words, it does not show in what way it concerned Hart-
well whether the Bohemian Oat & Cereal Company was
an honest and responsible or dishonest and swindling
concern.   There is nothing to connect the notes with any
fraud practiced on Hartwell.   A falsehood not acted on
can be no fraud; and, so far as this information goes,.
the statements concerning the corporation had no more
to do with the notes than any other irrelevant lies would
have had.   Unless Hartwell dealt with it, the condition
or character of the company could not concern him.

The information charged no offense.   The conviction
under it cannot be sustained, and must be reversed and
set aside, and respondent discharged.

The other Justices concurred.

---

[1] Hartwell testified that he delivered the notes to Brown, and had
not seen them since, and did not remember who was the payee in
the notes.