OSMAN W. ROPER, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

1. An indictment founded on the statute relating to false pretences must exhibit a pretence which, under the circumstances stated, must have an apparent tendency to induce the person defrauded to part with his property.

2. A counselor-at-law, who was present at a conversation between his client and a third person, is a competent witness in behalf of the latter to prove what was said.

On error to the Hudson Quarter Sessions.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *Gilbert Collins, William T. Hoffman* and *Roderick B. Seymour.*

*Contra, Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  The defendant, Roper, brings to this court the record of his conviction before the Hudson Sessions of the offence of obtaining money by false pretences.

An examination of this procedure has led the court to conclude that the judgment cannot be permitted to stand.

In the first place, the indictment is plainly insufficient. Its defect is that it does not set forth any misstatement that could have caused the prosecutor to part with his money.   The substantial statements descriptive of the crime are these : That the defendant, knowingly, falsely and fraudulently, represented to the prosecutor, one John J. Renshaw, "that the Mutual Land and Building Syndicate was then and there a *bona fide* building and loan association, and was then and there engaged in transacting a *bona fide* building and loan business under and in compliance with the laws of this state ; that the Mutual

Land and Building Syndicate had then and there $75,000 on hand in cash to loan," &c. After a negation of the *bona fide* existence of said alleged association and of its pecuniary resources, the narration is continued in these words, viz., "by color and means of which said false and fraudulent pretences, and then and there well knowing the same to be false and fraudulent, the said Osman W. Roper did then and there willfully, unlawfully and feloniously obtain from the said John J. Renshaw $3,000 of the moneys of the said John J. Renshaw, with intent then and there to cheat and defraud him thereof, contrary to the form of the statute," &c.

It is difficult to understand how it can be reasonably pretended that the conduct thus imputed to the defendant manifests the commission of a crime on his part. If it be true as stated that Renshaw, the person defrauded, parted with his money to the defendant merely because the latter falsely asserted and represented that a certain association, with which neither he nor the defendant had any apparent connection, had a genuine existence, the inducement to his act was not what the law regards as a false pretence. In the case of *State* v. *Vanderbilt*, 3 *Dutcher* 328, it was decided that a false representation, to be a criminal pretence within the statute, must be of such a nature as will be sufficient to induce a man to part with his property, and must not be absurd in itself, considered as an efficient cause. And in the present case the alleged criminal pretence belongs to this latter category, for it is undeniably futile, inasmuch as the imputed falsehood as to the *status* of the association could have, in the absence of other circumstances, no tendency whatever to lead Renshaw to loan his money to the defendant. If A. should falsify in stating to B. that C. was a man of property, such fabrication would not, *per se*, in any conceivable way, induce B. to part with his property to A., and yet this is the entire criminal case made in this indictment. It is obvious that the facts stated in the indictment have no legal significance.

The rule of pleading in these cases is entirely settled. Lord Mansfield, in a case before him, said that the indictment must

contain a history of the offence—that is, the essential facts must be set forth to this extent: that is, if the facts stated shall be proved, the defendant's guilt will be established. The same principle is propounded in the well-considered case of *People* v. *Gates,* 13 *Wend.* 311, the doctrine exemplified being that "an indictment for obtaining goods by false pretences, &c., must contain all the material facts and circumstances which the public prosecutor will be bound to prove to produce a conviction." The law is stated to the same effect in 2 *East P. C.* 837; 2 *Russ. Cr.* 305; *Lambert* v. *People,* 9 *Cow.* 578.

The indictment before the court on this record is fatally defective.

There is also a second error in this case that would of necessity lead to the same result.

In the course of the trial it became important for the defendant to show that, in a certain conversation between himself and Renshaw, the person alleged to have been defrauded, he had instructed the latter not to do a certain thing. To make this proof, the defendant called a counselor-at-law as a witness, who testified that, on the occasion in question, he, as the counsel of Renshaw, the prosecutor, had accompanied him and was present at an interview between Renshaw and the defendant, and the court, on objection made by the state, excluded the witness on the ground that the conversation in question was a privileged communication not to be disclosed by the counsel.

This ruling was conspicuously erroneous. The conversation in question did not exhibit the least semblance of a confidential communication. The subject is too plain for discussion.

Let the judgment be reversed.