### W. E. CUMMINGS v. THE STATE.

*No. 860.    Decided June 3rd, 1896.*

**Swindling by Exchange of Property—Indictment—Sufficiency of.**

An indictment for swindling by exchange or disposition of property, under Art. 944, Subdiv. 1, Penal Code, to be sufficient, must allege an actual sale and delivery of the property by the defendant, and, not doing so, such an indictment is fatally defective.

APPEAL from the District Court of Bexar.    Tried below before Hon. ROBERT B. GREEN.

This appeal is from a conviction for swindling, the punishment being assessed at four years' imprisonment in the penitentiary.

No statement necessary.

*Ed. Haltom,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of swindling, and given four years in the penitentiary, and prosecutes this appeal. A number of errors are assigned, but we will only notice one, as that disposes of the case. The indictment is as follows: The said W. E. Cummings, "by means of false pretenses and devices and fraudulent representations, then and there knowingly and fraudulently made by him to Adolph Cohen, and which false pretenses and devices and fraudulent representations were then and there relied upon by the said Adolph Cohen, did induce the said Adolph Cohen to deliver to him, the said W. E. Cummings, seventy-five dollars in lawful money of the United States of America, and the said W. E. Cummings did then and there, and by the means aforesaid acquire from the said Adolph Cohen seventy-five dollars, in lawful money of the United States of America, of the value of seventy-five dollars, the same being the personal and movable property of the said Adolph Cohen, with the intent to appropriate the same to the use of him, the said W. E. Cummings, in this, to-wit: the said W. E. Cummings did then and there falsely pretend and fraudulently represent to the said Adolph Cohen that he, the said W. E. Cummings was, on the said 11th day of January, 1896, the owner of a diamond stud, and that he, the said W. E. Cummings, had the right to sell said diamond stud to the said Adolph Cohen for the said sum of seventy-five dollars, and by reason of the false and fraudulent representations aforesaid the said Adolph Cohen was induced to part with the possession and ownership of said money; and the said W. E. Cummings then and there knew that said pretenses, devices, and representations so

made by him to the said Adolph Cohen were false in this, to-wit: that in
fact and in truth he, the said W. E. Cummings, was not on the said
11th day of January, 1896, or at any time previous or subsequent thereto,
the owner of said diamond stud, and that he, the said W. E.
Cummings, had no right or authority to sell said diamond stud
to the said Adolph Cohen for the sum of seventy-five dollars,
or any other sum of money, and the said W. E. Cummings then
and there knew that said pretenses and representations so made
by him to the said Adolph Cohen were false — against the peace
and dignity of the State." No motion was made to quash the indict-
ment, but an objection was made to evidence offered by the State, on the
ground that there was no allegation in the indictment that the defend-
ant sold to said Cohen, or any one else, the diamond stud. The court
overruled the objection, and defendant reserved his bill of exceptions.
The admission of this evidence involves the question as to the validity
of the indictment, and so we will consider whether or not the indictment
charges any offense. Swindling is defined to be the "acquisition of any
personal or movable property, money, or instrument of writing, convey-
ing or securing a valuable right, by means of some false or deceitful
pretense, device or fraudulent representation, with intent to appropriate
the same to the use of the party so acquiring, or destroying or impairing
the rights of the party justly entitled to the same." See, Penal Code,
1895, Art. 943. The swindle attempted to be charged in this case
would come under Subdiv. 1 of the succeeding article, to-wit: "the
exchange of property upon the false pretense that the party is the owner
or has the right to dispose of the property given in exchange." In other
words, the pretense upon which the swindle is attempted to be predicated
is that W. E. Cummings falsely represented that he had the right to sell
said diamond stud to the said Adolph Cohen for the sum of $75,
and that he actually sold and delivered said diamond stud in considera-
tion of said $75, but in our opinion the sale and delivery are
not alleged. It is stated in the indictment that Cummings repre-
sented that he had the right to sell said diamond stud, and that he was
the owner of it, and that said representations were false, and that by
means thereof he induced the said Cohen to part with the possession and
ownership of the said money; but we have searched in vain for an alle-
gation that Cummings, as a part of the transaction, sold and delivered to
said Cohen said diamond stud. Unless this actual sale and delivery are
alleged, we fail to see how the transaction was completed in such shape
as to afford the basis of an indictment for swindling. If A. represents
to B. that he is the owner of a certain horse, and has the right to dis-
pose of the same, and that he will sell said horse for $100, and B.
gives him $100 merely on the faith of his representations that he is the
owner and has the right to dispose of said horse, he would simply part
with his money on the faith of the bare representations, and not on any
alleged sale of the horse as the consideration for his parting with the
money, and in such case there would be no sale or exchange, and no

basis in law for the assumed swindle. Because the indictment fails to· allege the sale and delivery by defendant to Cohen of said diamond stud in consideration of said $75, the court should have sustained the objection of the defendant. No sale having been alleged, none could be proved. The indictment being defective in said respect, the judgment is reversed, and the cause dismissed.

*Reversed and Dismissed.*

HURT, Presiding Judge, absent.