[Crim. No. 64. First Appellate District.—December 10, 1907.]

## THE PEOPLE, Appellant, v. J. L. WHITE and T. HAY HUDSON, Respondents.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—INSUFFICIENT INFORMATION—CONNECTION NOT SHOWN.—An information for obtaining money under false pretenses in regard to the responsibility of a mutual mercantile company, and that it would pay $100 upon receiving $1 per week for sixty-five weeks, which does not show any connection between defendants and such company, or show that by reason of said false pretenses the prosecuting witness was induced to enter into any contracts with said company, or that the money paid to defendants was paid on or under any such contracts or for said company, or show any natural connection between the false pretenses made by the defendants and the delivery of the money to the defendants, is fatally defective, and a demurrer thereto should have been sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and Wm. Hoff Cook, Assistant District Attorney, for Appellant.

Hiram W. Johnson, Aitken & Skaife, and Walter Gallagher, for Respondents.

HALL, J.—This is an appeal by the people from an order sustaining the demurrers of the defendants to an information drawn under section 532 of the Penal Code, and comes before us upon a bill of exceptions duly settled.

The defendants were jointly charged, but demurred separately, the demurrers being both general and special.

We think the demurrers were properly sustained by the trial court. The information is quite long, and we do not think it necessary to set it out at length in order to make clear the point involved in the attack on the information. In substance it is alleged that the defendants, intending by false and fraudulent representations to obtain the personal property and money of J. M. Furrer, with intent to cheat and defraud said Furrer of the same, did "willfully and unlawfully, knowingly and designedly, falsely and fraudulently, pretend and represent to said J. M. Furrer that the Mutual Mercantile Company was a responsible business corporation, doing business at No. 121 Geary street, in the City and County of San Francisco; that the Mutual Mercantile Company would pay to the said J. M. Furrer one hundred dollars ($100) in lawful money of the United States of America, upon receiving from him one dollar ($1.00) in lawful money of the United States of America, a week for sixty-five consecutive weeks; that certain contracts in said Mutual Mercantile Company, known as Series A, and numbered 198, 199, 200, 232, 233, 234, 235, 236, 237 and 271, between the said Mutual Mercantile Company and the said J. M. Furrer, were each payable in the sum of One hundred dollars ($100.00) in lawful money of the United States of America at the end of sixty-five (65) consecutive weekly payments of One dollar ($1.00) in lawful money of the United States of America each." Here follow other representations affecting the responsibility of said company, followed by proper allegations of the falsity of the various pretenses and representations, and of the knowledge thereof of defendants. It is then in substance alleged that said Furrer believed said false representations and pretenses, and was induced thereby to deliver to, and did deliver to, the defendants at the city and county of San Francisco, $87 during the months of May and June, in the year 1905, of the money of said Furrer.

It is nowhere alleged in the information that the defendants had any connection with the Mutual Mercantile Company, or that said Furrer was induced to enter into any contract or business relation with said company. It is not alleged that said Furrer entered into the contracts described, or any contracts with said company, by reason of such representations, nor does it appear that the money alleged to have been paid to defendants was paid on or under such contracts, or for said company. The only fair inference from the allegations of the information is that the contracts referred to "numbered 198, 199, 200, 232, 233, 234, 235, 236, 237 and 271, between the said Mutual Mercantile Company and the said J. M. Furrer," had already been entered into by said Furrer. In this respect the representation was concerning certain contracts "*between the said Mutual Mercantile Company and the said J. M. Furrer.*" In other words, defendants' representations were concerning existing contracts.

From this analysis of the information it is apparent that there does not appear to be any natural connection between the representations charged to have been made by the defendants and the delivery of the money to defendants. The representations were concerning a company with which it is not alleged that defendants had any connection, nor with which said Furrer entered into any relations because of said representations.

"The indictment must show that the property was obtained by means of the false pretense alleged. Accordingly, when there appears to be no natural connection between the pretense and the delivery of the property, such additional facts as are necessary to show the relation must be alleged. A defect in the indictment arising from failure to show the connection between the false pretense and the obtaining is a material one, and it is not cured by verdict." (19 Cyc. 429, and numerous authorities cited under note 37.)

*Roper* v. *State*, 58 N. J. L. 420, [33 Atl. 969], is a case quite like the one at bar. The indictment charged that Roper made certain false representations to John J. Renshaw concerning the financial responsibility of the Mutual Land and Building Syndicate, which representations were properly set forth and negatived. It was then in the usual form

alleged that thereby Roper obtained from Renshaw $3,000. The court said: "If it be true, as stated, that Renshaw, the person defrauded, parted with his money to the defendant merely because the latter falsely asserted and represented that a certain association, with which neither he nor the defendant had any apparent connection, had a genuine existence, the inducement to his act was not what the law regards as a false pretense. . . . If A should falsify in stating to B that C was a man of property, such fabrication would not *per se* in any conceivable way induce B to part with his property to A. And yet this is the entire criminal case made in this indictment."

So in the case at bar Furrer parted with his money to defendants, because defendants made representations as to the responsibility of a third party with which defendants had no apparent connection, and with which Furrer entered into no connection, contractual or otherwise, by reason of the representations. In *Hurst* v. *State*, 39 Tex. Cr. 196, [45 S. W. 573], it was held that an indictment for swindling by false representations concerning a collecting agency was insufficient because it did not appear that defendant had any connection with the agency.

In none of the cases cited by appellant concerning the sufficiency of the indictment (*People* v. *Jordan,* 66 Cal. 11, [56 Am. Rep. 73, 4 Pac. 773]; *People* v. *Wasservogle,* 77 Cal. 175, [19 Pac. 270]; *People* v. *Cadot,* 138 Cal. 527, [71 Pac. 649]), did any such defect exist in the indictment or information as exists in the information in the case at bar.

For the reasons above set forth the court did not err in sustaining the demurrers of defendants, and the orders and judgments are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.