[Crim. No. 397.   First Appellate District.—October 15, 1912.]

## THE PEOPLE, Respondent, v. J. G. HENNINGER, Appellant. ·

CRIMINAL LAW—INDICTMENT—PROPER INDORSEMENT OF FINDING.—An indictment found by the grand jury, which is indorsed "A true bill, Henry N. McDonald, Foreman of the grand jury," is in accord with section 940 of the Penal Code, which provides the manner in which an indictment must be found and indorsed, and it cannot be dismissed for want of a sufficient finding and indorsement.

ID.—IMPROPER MOTION TO SET ASIDE INDICTMENT—NONEXISTENT GROUNDS.—A motion to set aside an indictment on grounds which are nonexistent was without merit. Where in addition to the ground of an insufficient finding of the indictment, it was urged that the names of the witnesses examined by the grand jury were not inserted at the foot of the indictment, and that a person and persons were permitted to be present before the grand jury when the charge was under consideration, other than the persons permitted by section 925 of the Penal Code, the motion was properly denied, where the names of the witnesses before the grand jury were in fact inserted at the foot of the indictment, and the record fails to show that any improper persons were present while the charge was under consideration.

ID.—OBTAINING MONEY BY FALSE PRETENSES—SALE OF MORTGAGE AS FIRST LIEN—SUFFICIENT INDICTMENT.—An indictment charging that the defendant obtained money from the complaining witness by falsely representing that he was the owner and holder of a first mortgage on certain real property, and that it was the only lien thereon, which shows that he did not have a first mortgage, and that it was not the only lien thereon, and there were several prior liens, and alleges that such false representations were made with intent to defraud the complaining witness, who as the result of such false representations, paid one thousand dollars to the defendant to pur-

chase said mortgage lien, states a public offense, though it alleges no representations in regard to the note secured by the mortgage.

Id.—Essentials of Crime—Nature of Crime Committed.—It is not essential to the commission of the crime defined by section 532 of the Penal Code, that the false pretenses should be made concerning property or thing of value. The essence of the crime lies in obtaining money or property by false pretenses, with intent to defraud. It is held that, in the crime committed, there was a concurrence of all the essentials to constitute the crime charged; that the defendant falsely represented that the mortgage which he sold to the prosecuting witness, was a first mortgage on the property designated, and that it was the only lien thereon, and that the sale of the mortgage, so fraudulently induced, constituted the crime denounced by section 532 of the Penal Code.

Id.—Mortgage Matter of Public Record—Fraud not Excused—Indictment not Required to Show Prudence.—The fact that the mortgage lien sold was matter of public record, which the vendee might have consulted, cannot, as between the vendor and purchaser, excuse the false and fraudulent representations by which the sale of the mortgage was procured, and the purchaser of the mortgage was entitled to rely on the truthfulness of the representations made, without being required to examine the records. Nor need the indictment show that the complaining witness acted as a prudent man. It is not essential to a conviction that the false pretenses must have been such as to deceive a person of ordinary understanding. The guilt of the accused does not depend upon the degree of folly or credulity of the party defrauded.

APPEAL from a judgment of the Superior Court of Alameda County and from orders denying motions in arrest of judgment and for a new trial.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, and G. G. Kennedy, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was found guilty of obtaining money by false representations and pretenses. He was sentenced to imprisonment for the term of three years in the state prison. The appeal is from the judgment and from orders denying defendant's motions in arrest of judgment and for a new trial.

The indictment charges the defendant with having obtained one thousand dollars in money from Domenico Lavagetto on the second day of March, 1910, by falsely representing that he was the owner and holder of a certain mortgage on real property, which mortgage he unlawfully and feloniously ''pretended and represented to said Domenico Lavagetto . . . constituted then and there a first lien and a first encumbrance on the real property . . . described, and was then and there the only lien and the only encumbrance on said property.'' The indictment then proceeds to set forth three respects in which those representations as to the condition of the property in respect of encumbrances were false. There were several prior liens on the property, but Domenico Lavagetto, says the indictment, believed the representations and, depending upon them, purchased the mortgage from the defendant and paid him therefor the sum of one thousand dollars.

The defendant moved to dismiss the indictment on the following grounds: ''First, that the indictment was not found or indorsed as provided by the Penal Code. Second, that the names of the witnesses examined by the grand jury are not inserted at the foot of the indictment. Third, a person and persons were permitted to be present during the session of the grand jury when the charge embraced in the indictment was under consideration, other than persons permitted by section 925 of the Penal Code,''—and assigns as error the court's refusal to do so.

Taking up these grounds of the motion to dismiss in their order, there is no merit in the first one. The indictment was indorsed, ''A true bill, Henry N. McDonald, Foreman of the grand jury.'' This indorsement was in accord with section 940 of the Penal Code, which provides the manner in which an indictment must be found and indorsed. (*People* v. *Lawrence,* 21 Cal. 368, 370).

The second and third grounds under the assignment are equally without merit. The names of the witnesses examined before the grand jury were in fact inserted at the foot of the indictment, and the record fails to show that any persons other than those permitted by law were present while the charge was under consideration by the grand jury.

Defendant next asserts that the indictment fails to state a public offense, for the reason that while it charges him with

20 Cal. App.—6

having sold a certain mortgage, it nowhere refers or speaks of the note or indebtedness secured by the mortgage. Defendant argues that the mortgage without the obligation it secures is of no value, and that therefore any representation with regard to the mortgage or its value was immaterial.

But it is not essential to the commission of the crime defined by section 532 of the Penal Code that the false pretense should be made concerning some property or thing of value. Doubtless the offense is often committed by making false representations concerning matters having no relation to the value of property. In the case at bar the four ingredients necessary to constitute the crime are present. It is alleged that the defendant made false representations concerning the mortgage with intent to defraud the complaining witness, who, as a result of those representations, paid to the defendant one thousand dollars. There was thus a concurrence of all the elements necessary to constitute the crime charged. (*People* v. *Wasservogle,* 77 Cal. 173, 175, [19 Pac. 270].)

In the case of *People* v. *Martin,* 102 Cal. 558, [36 Pac. 952], the complaining witness having been led to believe by the false representations of the defendant that a judgment for a large sum had been obtained against her in the state of New York, she, at his suggestion, transferred to him a certain piece of property. No such judgment had in fact been rendered. The representation then concerned nothing of value; still the indictment was held to have stated a public offense.

In the case of *People* v. *Howard,* 135 Cal. 266, [67 Pac. 148], it was contended by the defendant that the order under which he had attempted to collect a bounty for squirrels killed was void, and that therefore he could not be guilty of attempting to obtain money by false pretenses, because the board of supervisors had no authority to allow the claim. The court in that case held that every element of the crime charged was present, and sustained the judgment of conviction. The court said: "The essence of the crime lies in obtaining the money or property by false pretenses, with intent to defraud, and hence it is that the fact of the illegality of the ordinance is immaterial, since it was the false pretenses used with intent to defraud the county, and not the imperfection of the ordinance, that constituted the crime." (See, also, *State* v. *Bourne,* 86 Minn. 432, [90 N. W. 1108].)

The defendant represented that the mortgage which he sold the prosecuting witness was a first mortgage on the property designated therein and that it was the only lien thereon, both of which representations were false, and constitute the crime denounced by section 532 of the Penal Code.

Defendant also asserts that the indictment is based on a statement regarding a public record with which the complaining witness had as good an opportunity of being familiar as he; and the argument is made that the indictment therefore fails to state a public offense. There is no merit in this point. The complaining witness's right to maintain even a civil action based upon defendant's fraud would not be prejudiced by a failure to examine the records. "Where the fact represented is one which is peculiarly within the vendor's knowledge and of which the purchaser is ignorant, it is generally held that, although the real fact appears on the public records, the purchaser is under no obligation to examine the records, and his failure to do so does not affect his right of action." (20 Cyc., p. 57.) The indictment need not show that the complaining witness acted as a prudent business man, or, as was stated in the case of *People* v. *Cummings,* 123 Cal. 269, 272, [55 Pac. 898], "It is not essential to a conviction that the pretenses must have been such as would probably deceive a person of ordinary understanding; the guilt of the accused does not depend upon the degree of folly or credulity of the party defrauded."

The indictment alleges facts sufficiently traversing the representation by the defendant that the mortgage sold to the complaining witness was a first mortgage on the property.

The evidence sustains the verdict, and there were no errors in the admission or rejection of evidence.

The judgment and orders appealed from are affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on December 13, 1912.