[Crim. No. 1260. First Appellate District, Division One.—November 3, 1925.]

## THE PEOPLE, Respondent, v. WM. H. RAPLEE, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—SUFFICIENCY OF INFORMATION.—In this prosecution in which the defendant was charged by information with a violation of section 532 of the Penal Code in having obtained by false pretenses a specified sum of money from the complaining witness, the alleged false pretenses consisting in the misrepresentations that defendant was the owner of certain shares of stock in a mining company and that the mine was a good, prosperous working one, the shares of which were worth one dollar each, the allegations of fact with reference to the ownership of the money obtained from the complaining witness, the causal connection between

---

1. See 12 Cal. Jur. 467.

the alleged false pretenses and their effect on the complaining witness and the causal connection between the alleged false pretenses and the purpose or object of defendant in making them, were amply sufficient in those particulars to describe and charge a public offense under the statute.

[2] Id.—Pleading—Evidence—Variance.—In such prosecution, the fact that defendant, at the time he received the money from the prosecuting witness, gave to her his promissory note for a sum slightly in excess of the amount of money received, which note was later given up for the stock, did not create a fatal variance between the information and the evidence, where the evidence showed that the money parted with was paid for the shares of stock, and that defendant represented to the prosecuting witness, who was unfamiliar with business transactions, that the note was a mere receipt to be retained by her until such time as defendant could procure the shares of stock.

[3] Id.—Evidence—Corroboration.—In such prosecution, there was no merit in the contention of defendant on appeal that the alleged false representations as to the ownership by him of the mining stock, that the mine was a good, prosperous working one, and that the shares were worth one dollar each, were not corroborated in accordance with the requirements of section 1110 of the Penal Code.

[4] Id.—Evidence—Value of Adjoining Mine.—In such prosecution, evidence that a large amount of money had been made in the operation of an adjoining mine was manifestly incompetent, and was properly refused.

[5] Id.—Value of Mine at Subsequent Date.—In such prosecution, evidence as to the opinion of a witness concerning the value of the mine at a time subsequent to the making of the alleged false representations and when the mining company had lost all rights thereto was properly rejected.

[6] Id.—Representations of Value—Opinion of Defendant—Instructions.—In such a prosecution, the refusal of the trial court to instruct the jury that mere representations of value constitute a mere opinion did not constitute error justifying a reversal of the judgment of conviction, where the jury was fully and fairly instructed upon this subject.

---

(1) 25 C. J., p. 618, n. 47, p. 628, n. 42, p. 633, n. 85.   (2) 25 C. J., p. 639, n. 47, p. 651, n. 45.   (3) 25 C. J., p. 651, n. 45. (4, 5) 25 C. J., p. 645, n. 4, p. 647, n. 17.   (6) 16 C. J., p. 1063, n. 85; 17 C. J., p. 352, n. 61.

3.  See 12 Cal. Jur. 475.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Myron Harris, Timothy Healy and Henry G. Tardy for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by information with a violation of section 532 of the Penal Code in having obtained by false pretenses the sum of $2,225 from the prosecuting witness, the alleged false pretenses consisting in the misrepresentations that he was the owner of certain shares of stock in a mining company; that the mine was a good, prosperous working one, the shares of which were worth one dollar each. He was tried and convicted and this is an appeal from the judgment and order denying a new trial and a motion in arrest of judgment. Various grounds of error are assigned which it is claimed justify the setting aside of the judgment of conviction.

[1] It is first contended that the information is fatally defective in substance as it fails to allege a public offense. In this connection it is claimed that it omits to allege the ownership of the money obtained from the prosecuting witness; that it fails to show any causal connection between the alleged false pretenses and their effect on the prosecuting witness and that it likewise fails to show any causal connection between the alleged false pretenses and any purpose or object of defendant in making them. We see no merit in this contention.

The information in substance charges defendant on or about the twenty-third day of April, 1923, at the county of Alameda, California, with then and there devising and intending by unlawful ways and means, and by false and fraudulent pretenses and representations to obtain and get into his custody and possession the personal property of one Leonora E. Faulkner with intent to cheat and then and thereby cheat and defraud her by stating that he was the owner of 14,000 shares in a certain unincorporated com-

mon-law mining company organized and existing under the laws of the state of Nevada, and that the said shares were worth one dollar per share; that it was a good, prosperous working mine, whereas, in truth and in fact, each and all of said pretenses and representations so made by defendant were false and fraudulent in the following particulars: That defendant was not the owner of such shares nor were they worth one dollar a share, but, on the contrary, they were without any value whatsoever, and that the mining company was not a good and prosperous one and that each and all of said pretenses and representations so made by defendant were made for the purpose of inducing the prosecuting witness to pay over to defendant the sum of $2,225. That defendant knew the pretenses and representations so made by him were untrue and fraudulent.

The information proceeding charges that the prosecuting witness believing the false and fraudulent representations, and being deceived thereby, was induced by defendant to enter into an agreement under which she paid to him the sum mentioned for the said shares of stock; that defendant falsely and fraudulently received said sum of money with intent then and there to cheat and defraud the prosecuting witness out of the same.

It is clearly apparent that the information does contain definite recitals showing the ownership of the money in the prosecuting witness which negative any idea that the funds were the property of the defendant or any other person, and that it also shows a causal connection between the alleged false pretenses and their effect on the prosecuting witness as it specifically recites, she believing the representations and being deceived thereby, was induced to part with her funds. (*People* v. *Hinds,* 5 Cal. App. 122 [89 Pac. 858].)

It is likewise apparent that the information shows a causal connection between the alleged false pretenses and the object of defendant in making them, as it further recites that they were made for the purpose of inducing the prosecuting witness to pay over to defendant the sum alleged.

The allegations of fact, therefore, are amply sufficient to describe and charge a public offense under the statute. (Pen. Code, sec. 532.)

[2] It is next claimed that a fatal variance exists between the information and the evidence. This contention is based upon the fact that the record contains testimony to show that defendant at the time he received the money from the prosecuting witness gave to her his promissory note for the sum of $2,500, which note was later given up for the stock. Other evidence, however, shows that the money parted with was paid for the shares of stock, and that defendant represented to the prosecuting witness, who, the record shows, was unfamiliar with business transactions, that the note was a mere receipt to be retained by her until such time as defendant could procure the shares of stock. There is, therefore, no merit in this contention.

[3] Lack of corroboration of the making by defendant of the false representations, as required by section 1110 of the Penal Code, is also urged as a ground for reversal. This contention is equally without merit.

As indicated above, three distinct false representations are set forth in the information, namely, that defendant represented himself to be the owner of the stock in question; that the mine was a good and prosperous working one, and that the shares thereof were worth one dollar each. The record is a voluminous one, but in our opinion the case does not call for an extensive review of the evidence. Suffice it to say that it shows that defendant did state and represent to the prosecuting witness that the shares of stock in question were worth one dollar each. It also appears therefrom that this representation was made in the presence of her sister, who testified fully upon the subject. There was also testimony to show that this statement was untrue and that defendant himself knew it to be so as he had made declarations, at or about the time of the sale of the stock, that it had no value. In regard to the false representation of ownership there is evidence to show that while defendant claimed to be the owner, as a matter of fact, he had never owned any shares of stock in the company, but had procured the same from its offices at a time when the shares were considered worthless by reason of the company having forfeited its rights in the property, with the avowed purpose of using them as samples for other stock to be issued upon a possible incorporation of a company to be formed by him in the event that he could acquire con-

trol of the mining lands. It further appeared that his representation as to the mine being a prosperous and good working one was false, as the company had, at the time the sale was made, forfeited its rights in the property, and did not possess any property whatsoever. There is, therefore, no merit in the contention that the false representations were not corroborated in accordance with the statutory requirement.

[4] The rejection of certain testimony offered for the purpose of showing that a large amount of money had been made in the operation of an adjoining mine is complained of. The offered evidence was properly refused, as it was manifestly incompetent. [5] Other evidence as to the opinion of a witness concerning the character of the property at the time of the trial was rejected and this ruling is complained of. The opinion of the witness as to its value at a time subsequent to the making of the representations and when the company had lost all rights thereto was properly rejected.

[6] Refusal of the trial court to instruct the jury that mere representations of value constitute a mere opinion is assigned as error justifying a reversal of the judgment. The jury was fully and fairly instructed upon this subject.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 2, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 31, 1925.