## STATE v. FISHER.

No. 5202. Decided March 4, 1932. (8 P. [2d] 589.)

*Kelly & Schiller*, of Salt Lake City, for appellant.

*Geo. P. Parker*, Atty. Gen., and *M. Logan Rich*, Deputy Atty. Gen., for the State.

ELIAS HANSEN, J.

Defendant was convicted of the crime of obtaining the sum of $600 from Hester C. Chamberlin by false pretenses and sentenced to serve an indeterminate term in the state prison. He appeals.

The charging part of the information upon which the judgment of conviction is founded reads as follows:

"That the said Fred A. Fisher, on the 9th day of January, A. D. 1929, at the County of Salt Lake, State of Utah, wilfully, unlawfully, knowingly, designedly and feloniously, and with intent to cheat and defraud Hester C. Chamberlin of her personal property hereinafter described, did falsely and fraudulently pretend and represent to the said Hester C. Chamberlin that he, the said Fred A. Fisher was the owner of and had title to one Packard Club Sedan automobile, Style 3, Body 43, Model 1929, free and clear of all encumbrances.

"And the said Hester C. Chamberlin then and there believing the said false pretense and representation so made as aforesaid by the said Fred A. Fisher to be true, and then and there being deceived thereby, was then and there induced to pay to and she did then and there pay to the said Fred A. Fisher the sum of $600.00 lawful money of the United States of America, the personal property of the said Hester C. Chamberlin.

"And the said Fred A. Fisher did then and there wilfully, unlawfully, knowingly, designedly and feloniously receive and obtain the said money of the said Hester C. Chamberlin by means of the false pretense and representation so made as aforesaid, and with intent then and there to cheat and defraud the said Hester C. Chamberlin of said money, whereas in truth and in fact the said Fred A. Fisher was not and well knew that he was not the owner of and did not have

title to, and well knew that he did not have title to one Packard Club Sedan automobile, Style 3, Body 43, Model 1929, free and clear of all encumbrances.

"And the said Hester C. Chamberlin would not as aforesaid have parted with said property except upon the representation so made to her as aforesaid by the said Fred A. Fisher."

After the evidence was in, the state asked and was granted permission to amend the information so that the defendant was charged with receiving a check instead of money, but, in the view we take, a consideration of the amendment is not necessary.

Defendant filed a general demurrer to the information. The demurrer was overruled. Such ruling is assigned as error. Appellant cites in support of his claim that the information fails to charge a public offense the following authorities: *People* v. *White,* 7 Cal. App. 99, 93 P. 683; *People* v. *Canfield,* 28 Cal. App. 792, 154 P. 33; *People* v. *Bliss,* 47 Cal. App. 503, 190 P. 1046; *People* v. *Kahler,* 26 Cal. App. 449, 147 P. 228; *Cummings* v. *State,* 36 Tex. Cr. R. 152, 36 S. W. 266; *Jones* v. *State,* 22 Fla. 532; *State* v. *Saunders,* 63 Mo. 482; *State v. Bonnell,* 46 Mo. 395; *Cooke* v. *State,* 83 Ind. 402; *Wagoner* v. *State,* 90 Ind. 504; *People* v. *Brown,* 71 Mich. 296, 38 N. W. 916; *State* v. *Freeman,* 103 Miss. 764, 60 So. 774; 3 Bishop Crim. Pro. par. 169 et seq.; 1 McLain Crim. Law, pars. 680, 681; 25 C. J. 618 et seq.

Respondent contends that sufficient facts were alleged in the information to charge a public offense and cites in support thereof the following authorities: *People* v. *Raplee,* 75 Cal. App. 38, 241 P. 892; *People* v. *Flowers,* 54 Cal. App. 214, 201 P. 468; *People* v. *Pearson,* 69 Cal. App. 524, 231 P. 612; *Willis* v. *State,* 34 Ariz. 363, 271 P. 725; *Sanford* v. *Commonwealth,* 212 Ky. 758, 280 S. W. 106; *Norris* v. *State,* 170 Ark. 484, 280 S. W. 398; *State* v. *Grady,* 147 Miss. 446, 111 So. 148; *People* v. *Henninger,* 20 Cal. App. 79, 128 P. 352; *Addington* v. *State,* 16 Ala. App. 10, 74 So. 846; *Smith* v. *Commonwealth,* 141 Ky. 534, 133 S. W. 228.

The authorities cited by the respective parties deal with the question of what facts are, and what facts are not, necessary to allege in charging the crime of obtaining money or property by false pretenses. It is agreed by all the authorities that an information to charge the crime of obtaining money or property by false pretenses must show a causal connection between the payment of the money or the parting with the title or possession of the property and the false representations charged. In other words, the information must allege the purpose for which the injured party paid the money or transferred the title or possession of the property to another, and that the money was so paid or the possession or title to the property transferred because of the alleged false representations. The great weight of authority requires that this connection be directly alleged, otherwise the information will not support a conviction. There are cases, a number of which are cited in the state's brief, which hold that, if the allegations of the information are such that "no person of common understanding could fail to understand that it was substantially charged by necessary inference, at least, that the money was paid because of the alleged false representations and for the purpose suggested thereby," then, and in such case, an information sufficiently shows the causal connection between the payment of the money and the false representations. A leading case holding the latter view, and from which the above quotation is taken, is that of *People* v. *Griesheimer,* 176 Cal. 44, 167 P. 521, 522.

The Griesheimer Case was decided in 1917. Prior to the decision in that case California seems to have been in accord with the majority rule. *People* v. *Jordan,* 66 Cal. 10, 4. P. 773, 56 Am. Rep. 73; *People* v. *White,* 7 Cal. App. 99, 93 P. 683; *People* v. *Kahler,* 26 Cal. App. 449, 147 P. 228. In reaching the conclusion that the information in the Griesheimer Case charged a public offense, a majority of the members of the Supreme Court of California seems to have regarded the following provision of the Constitution of that state as of controlling importance:

"No judgment shall be set aside, or new trial granted in any case, * * * for any error as to any matter of pleading, * * * unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

Three of the seven justices who participated in the Griesheimer Case dissented. The dissenting opinion, written by Mr. Justice Henshaw, cites and reviews numerous authorities which follow the majority rule, which requires that the purpose for which the victim parted with his money or property must be directly alleged. The cases of *People* v. *Flowers, People* v. *Pearson, People* v. *Raplee*, and *Willis* v. *State*, supra, cite and follow the rule announced by the majority of the court in the Griesheimer Case.

In the cases of *State* v. *Howd*, 55 Utah 527, 188 P. 628, 630, and *State* v. *Casperson* (Appeal of Snyder), 71 Utah 68, 262 P. 294, 296, this court had occasion to construe the provision of our law relating to the securing of money or property by false pretenses. In the Howd Case this court said that:

"It will be seen that under our statute, in order to constitute the offense of which the defendant stands convicted, certain elements or things must concur, viz: (1) There must be an intent to cheat or defraud; (2) an actual fraud must be committed; (3) there must be a fraudulent representation or a false pretense for the purpose of perpetrating the fraud in obtaining the property of another; (4) the fraudulent representation or false pretense must be the cause which induced the owner to part with his property."

In the Appeal of Snyder this court said:

"That a pretense false in fact and an actual fraud resulting in prejudice are essential elements of the crime in question, and must be proved to establish guilt, are general principles of law which we recognize and approve. The actual fraud and prejudice required, however, is determined according to the situation of the victim immediately after he parts with his property. If he gets what was pretended and what he bargained for, there is no fraud or prejudice. But if he then stands without the right or thing it was pretended

he would then have, he has been defrauded and prejudiced by reason of the false pretense, and the offense is complete, notwithstanding thereafter he may regain his property, or the person obtaining it or another compensates him, or he thereafter obtains full redress in some manner not contemplated when he parted with his property."

While, so far as appears, in neither the Howd Case nor the Snyder Case was the sufficiency of the information questioned, yet, as will be observed, both of these cases are authoritative for the proposition that one of the essential elements of the crime of obtaining money or property by false pretenses is that the victim did not get what was pretended and what he bargained for. One who gets what he bargains for cannot be said to be defrauded. A failure to receive what was bargained for being an essential element of the crime of obtaining money or property by false pretenses, such fact must be alleged, otherwise the information fails to charge a public offense. We look in vain for an allegation in the information in the instant case which charges that the complaining witness failed to receive what she bargained for. It is alleged that Hester C. Chamberlin paid to the defendant $600 because he represented that he was the owner of a Packard automobile, but the information is silent as to what, if anything, Hester C. Chamberlin was to receive in exchange for the $600. Was the $600 a gift or a loan to the defendant? Was it paid to him as a part or as the whole of the purchase price of the automobile? Was it paid to the defendant for some other purpose, and, if so, what purpose? An answer to any of these questions from an examination of the information would be a mere guess. If the language of the information may be said to justify any inference as to the purpose for which the $600 was paid to the defendant, it would seem that it was paid as part or as the full purchase price of the Packard automobile. The information alleges that the complaining witness paid the $600 to the defendant. We learn, however, from an examination of the evidence, that the state relies upon a loan which the complaining witness made to the defendant, and that the

defendant agreed to and in fact did secure the loan by a bill of sale of the automobile. Obviously the sufficiency or insufficiency of an information must be tested by its allegations and not by the evidence introduced at the trial. The language of the information here under review does not by "necessary inference" or at all inform the accused of the purpose for which it is claimed the money was paid, and therefore this case does not fall within the rule announced by the cases relied upon by the state. The information in the instant case being silent as to the purpose for which Hester C. Chamberlin paid the $600 to the defendant, it follows that it fails to charge a public offense. *State* v. *Topham*, 41 Utah 39, 123 P. 888. The demurrer to the information should have been sustained.

The judgment is reversed, and the cause remanded to the district court of Salt Lake county, with directions to sustain the demurrer to the information.

STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., dissents.