**STATE of Utah, Plaintiff and Respondent,**

v.

**Patricia S. JOHNSON, William J. Johnson and Daniel H. Johnson, Defendants and Appellants.**

**No. 18617.**

Supreme Court of Utah.

March 24, 1983.

---

Martin W. Custen, Ogden, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Ted Cannon, County Atty., Jerry J. Kaufman, Deputy County Atty., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The defendants, Patricia S., William J. and Daniel H. Johnson,[1] appeal from jury convictions of theft by deception in violation of U.C.A., 1953, § 76–6–405. We reverse the convictions.

For eleven of the past fifteen years, Patricia Johnson has worked for Hillhaven Convalescent Centers (hereinafter "Hillhaven"). Since October of 1976, she has been the administrator of the Ogden Hillhaven facility. Prior to March of 1977, the maintenance work at the Ogden Hillhaven facility was poor. In March of 1977, Daniel Johnson was hired to perform the maintenance work. The defendants testified at trial that Patricia hired both William and Daniel Johnson to do the maintenance work

at the Ogden facility. Their intent was that William would do most of the work but, because of William's disability from an automobile accident, Daniel would assist William and fill in for him when William was unable to work. The State, on the other hand, contends that Patricia Johnson discussed with her supervisor the possibility of Daniel's helping William or William's helping Daniel, but that the person responsible for getting the work done was Daniel Johnson. In any event, the time cards and paychecks were in Daniel Johnson's name only.

From March of 1977 through March of 1978, paychecks were issued by Hillhaven to Daniel Johnson for a forty-hour work week. During this time period, Daniel Johnson was employed full time with Sears, Roebuck & Company. The State's evidence showed that Daniel Johnson's time cards were punched by another employee on instructions from Patricia Johnson and that this procedure was against Hillhaven's company policy. The State also produced evidence that Daniel's Hillhaven paychecks were deposited in Patricia's and William's bank accounts and that approximately one-third of the total amount was then transferred to Daniel Johnson's bank account. Furthermore, the State produced evidence that William Johnson was receiving disability payments from the Social Security Administration and that such payments were subject to reduction depending on the level of William's income from other sources.[2]

The defendants were convicted after a jury trial of theft by deception in violation of U.C.A., 1953, § 76–6–405. On appeal, the defendants advance several points of error, the most convincing point being a claim that the evidence was insufficient to sustain the convictions. In reviewing a

1. William is Patricia's husband and Daniel's brother.

2. The State claims that this evidence is relevant to show why Daniel's rather than William's name was on the Hillhaven payroll, namely, to avoid reduction of William's social security benefits. The State's rationale would be proper if the evidence had been used for impeachment

purposes. However, the State offered this evidence in its case in chief. Therefore, the trial court erred in admitting this evidence because it was irrelevant and highly prejudicial, because it raised an inference that William was attempting to defraud the Social Security Administration.

claim of insufficiency of the evidence, "[t]his Court will review the evidence and all inferences which may be reasonably drawn therefrom in the light most favorable to the verdict of the jury." *State v. Kerekes,* Utah, 622 P.2d 1161, 1168 (1980) (citation omitted). *See also State v. Jones,* Utah, 657 P.2d 1263 (1982); *State v. Forsyth,* Utah, 641 P.2d 1172 (1982).

Section 76–6–405(1) states that:

A person commits theft [by deception] if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof.

This statute was preceded by a statute termed "false pretenses." *See, e.g., State v. Sorensen,* Utah, 617 P.2d 333 (1980). This Court has previously set forth as follows one of the elements necessary to sustain a conviction under the prior statute, which is equally essential under the present statute:

[A]n actual fraud must have to be perpetrated in the sense that something of value was obtained and the victim lost something of value . . . .

*State v. Vatsis,* 10 Utah 2d 244, 247, 351 P.2d 96, 97 (1960) (emphasis added) (citing *State v. Timmerman,* 88 Utah 481, 55 P.2d 1320 (1936)). This Court has elaborated on this element as follows:

The actual fraud and prejudice required, however, is determined according to the situation of the victim immediately after he parts with his property. *If he gets what was pretended and what he bargained for there is no fraud or prejudice.*

*State v. Casperson,* 71 Utah 68, 75, 262 P. 294, 296 (1927) (emphasis added). *See also State v. Walton,* Utah, 646 P.2d 689 (1982); *State v. Morris,* 85 Utah 210, 38 P.2d 1097 (1934); *State v. Fisher,* 79 Utah 115, 8 P.2d 589 (1932). In fact, our statute states that "[t]heft by deception does not occur . . . when there is only falsity as to matters having no pecuniary significance . . . ." U.C.A., 1953, § 76–6–405(2).

In the present case, in an attempt to prove that Hillhaven "lost something of value" or did not get "what it bargained for," namely, maintenance work, the State offered evidence that during the relevant time period neither William nor Daniel was present during the daytime hours [3] and that some "maintenance" work was contracted out. However, the State failed in its effort to prove that the maintenance work was not done by William and/or Daniel. Moreover, the record shows that the work which was contracted out, *e.g.,* refrigeration, on which the State relied to show that no maintenance was being done, required a specialist and was outside the scope of general maintenance duties. The evidence at trial failed to demonstrate that Hillhaven did not get what it bargained for, namely, full-time maintenance work. In fact, there was considerable evidence showing that Hillhaven may have received more than it bargained for by having two maintenance men instead of one who, together, worked in excess of 40 hours per week. No evidence whatsoever was introduced that any work within the job description of a maintenance man went undone during the year that the Johnsons' time card practice was in effect.

■ Although the facts of the present case indicate that the defendants engaged in wrongful conduct of some sort, they are insufficient to satisfy an essential element of the crime of theft by deception, namely, the loss of something of value. It was misleading to have only Daniel Johnson's name on the payroll while the work was being performed by William and/or Daniel Johnson. The time card procedure was against Hillhaven's company policy. William Johnson's apparent receipt of income and apparent failure to report this to the Social Security Administration was probably improper. But none of this conduct deprived Hillhaven of what it bargained

---

**3.** This evidence was entirely circumstantial, consisting of the testimony of employees at the facility, some of whom were themselves only on the premises occasionally, that they seldom saw William and never saw Daniel. Furthermore, their own testimony established that the "shop" where maintenance work was done was separate from and behind the regular facility, and that anyone present there could not be seen from the facility itself.

for: full-time maintenance work. In fact, the evidence showed that Patricia Johnson was still employed by Hillhaven at the time of trial, thereby suggesting strongly that Hillhaven did not believe that it had been defrauded or deprived of its property by her.

■ In summary, "[o]ne who gets what he bargains for cannot be said to be defrauded." *State v. Fisher, supra,* 79 Utah at 120, 8 P.2d at 590. This Court has previously stated:

> The mere fact that a party to a transaction may not have received all he bargained for does not give rise to civil liability. For stronger reasons the crime of obtaining money by false pretenses is not established in the absence of evidence showing, or tending to show, that the claimed victim has sustained a pecuniary or property loss by reason of the transaction relied upon.

*State v. Morris, supra,* 85 Utah at 216, 38 P.2d at 1100. In the present case, the State has failed to prove beyond a reasonable doubt an essential element of the criminal offense of theft by deception, namely, that Hillhaven failed to get what it bargained for or that it sustained a pecuniary loss. Thus, the convictions must be reversed.

■ Although we reverse the convictions on the defendants' claim of insufficiency of the evidence and thus dispose of this appeal, we deem it appropriate to comment on the defendants' claim of prosecutorial misconduct. During closing argument, the prosecutor referred to William's apparent receipt of income from Hillhaven while receiving social security benefits as "double dipping." The prosecutor continued to state: "as far as I am concerned white collar crimes like this is a cancer on society." Furthermore, the prosecutor referred to Patricia's and William's signing of Daniel's Hillhaven paychecks and depositing them in their personal bank accounts as "forging of signatures." Moreover, the prosecutor made reference to Patricia's and William's filing for bankruptcy as an indication of dishonesty. The prosecutor stated that it "[d]escribes the type of person that we are dealing with." This Court has stated:

> Considerable latitude is allowable in closing argument. Counsel may discuss fully both the evidence and all legitimate inferences arising from the evidence. Such argument may merit reversal if (1) the remarks called to the jurors' attention matters which they would not be justified in considering in reaching a verdict, and (2) under the circumstances, the jurors were probably influenced by the remarks.

*State v. Creviston,* Utah, 646 P.2d 750, 754 (1982) (citing *State v. Valdez,* 30 Utah 2d 54, 60, 513 P.2d 422, 426 (1973)). Under the circumstances of this case, there is no doubt that the prosecutor's "remarks called to the jurors' attention matters which they would not be justified in considering . . . [and that they] were probably influenced by the remarks." Thus, the prosecutor's conduct was improper, and would have constituted grounds for a new trial if we had not reversed these convictions for insufficiency of the evidence.

The judgments of conviction are reversed.

STEWART, OAKS and HOWE, JJ., concur.

HALL, Chief Justice (concurring and dissenting):

I do not join the opinion of the Court because, although it accurately sets forth the standard for review of claimed error based upon insufficiency of the evidence, it fails to properly apply it.

The record before us adequately supports the conclusion reached by the jury in rendering its verdict that Hillhaven did not get what it bargained for, and that it sustained a pecuniary loss.

The evidence is clear that Hillhaven contracted and paid for the services of Dan Johnson, an experienced maintenance man, to work full-time at its facility, and to perform all maintenance work. Instead, it got someone else, who only worked part-time. Furthermore, pay at the rate of 40 hours per week was obtained from Hillhaven and shared by all three defendants.

This they accomplished by means of deceit, which consisted of someone's punching Dan Johnson's time card for him when he was not in fact on the premises. Furthermore, there was evidence that not all of the maintenance work was done, and that some of it had to be done over, at additional expense.

I concur in the conclusion of the majority that the conduct of the prosecutor at the time of closing argument constitutes prejudicial error, and for that reason would reverse and remand for the purpose of a new trial.