**STATE of Utah, Plaintiff and Respondent,**

v.

**Stephen John KALISZ, Defendant and Appellant.**

No. 860032.

Supreme Court of Utah.

March 31, 1987.

Manny Garcia, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Dave B. Thompson, Sandra L. Sjogren, Asst. Attys. Gen., Kimberly K. Hornak, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Stephen John Kalisz appeals from his conviction of aggravated robbery, a first degree felony under section 76–6–302 of the Utah Criminal Code. Kalisz's conviction stems from the same aggravated robbery charge that resulted in the conviction of John R. Remington, *State v. Remington,* 737 P.2d 168, (Utah 1987). Kalisz's appeal raises the same legal issues advanced in *Remington:* (1) failure of the trial court to give a cautionary eyewitness instruction, and (2) insufficiency of the evidence to convict Kalisz of aggravated robbery. We reverse the conviction for insufficiency of evidence and do not reach the remaining issue.

The State concedes that under our standard of review of jury verdicts in criminal cases, the evidence presented at trial appears to have been insufficient to support defendant's conviction. *State v. Johnson,* 663 P.2d 48 (Utah 1983); *State v. Petree,* 659 P.2d 443 (Utah 1983). In reviewing a defendant's conviction, we do not substitute our judgment for that of the jury. "So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops." *State v. Booker,* 709 P.2d 342, 345 (Utah 1985). However, our narrow independent review of the record in this case leads us to conclude that here there was no evidence from which findings of all the requisite elements of the crime could reasonably have been drawn. We therefore reverse.

The facts of this case are stated at length in *Remington* and will be repeated here only briefly. Remington was accompanied by Kalisz when he arrived in his truck at a used car lot at 8th South and Main Streets in Salt Lake City, Utah, to test drive a 1978 Monte Carlo. Kalisz was the man who returned the Monte Carlo to the used car lot hours later and within minutes after a robbery had been reported at the Brickyard Plaza. Kalisz admitted to the police officer at the used car lot that he had been the man who was with Remington when they picked up the Monte Carlo and that he had driven around with Remington for "a couple of hours." Kalisz also claimed to have taken Remington to a local hospital with an attack of appendicitis. That statement was proven to be untrue. Kalisz was arrested and searched. No incriminating evidence was found on his person or in the car. A search of Kalisz's residence turned up no evidence of the robbery.

The State failed to present any evidence that placed Kalisz at the scene of the robbery or in the getaway car or linked him to the crime through possession of any of the stolen goods. Nonetheless, the prosecutor argued that Kalisz provided transportation to and from the scene of the robbery and should therefore be convicted as Remington's accomplice. U.C.A., 1953, § 76–2–202 (1978 ed.).[1] The circumstantial evidence connecting Kalisz to Remington and the crime is insufficient to prove that Kalisz was with Remington during or immediately after the robbery and that he had the requisite mental state for the crime with which he was charged. Accordingly, the conviction is reversed, and Kalisz is ordered discharged.

---

1. Section 76–2–202 provides:
   Every person, acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct.